**Randall PARSLEY, Appellant,**
**(Plaintiff Below),**

v.

**WAVERLY CONCRETE & GRAVEL CO.,**
Nellie Fankboner, as Executrix of the
Estate of Francis Lee Fankboner, and
Nellie Fankboner, in her individual ca-
pacity, Appellees (Defendants Below).

No. 2–1280A428.

Court of Appeals of Indiana,
Second District.

Oct. 20, 1981.

George Clyde Gray, Indianapolis, for ap-
pellant (plaintiff below).

C. Mark Tompkins, Franklin, Joseph R.
Woods, Indianapolis, for appellees (defend-
ants below).

SHIELDS, Judge.

Appellant Randall Parsley appeals from
the dismissal of his amended complaint for
failure to state a claim. Ind.Rules of Trial
Procedure, Trial Rule 12(B)(6).

We reverse.

On May 1, 1980, Parsley filed an amended
complaint which alleged Nellie Fankboner
as Executrix of the Estate of Francis Lee
Fankboner and Nellie Fankboner in her in-
dividual capacity d/b/a Waverly Concrete
& Gravel Company (hereinafter defendants)
sold ready-mix concrete to Parsley which
caused serious burns on his foot on or about
May 21, 1977.

Defendants moved to dismiss the amend-
ed complaint on the basis it failed to state a
claim because the statute of limitations had
expired.

After a hearing on the motion at which
no evidence or other matters outside the
pleading were presented to the court, the
motion was sustained and judgment was
entered for the defendants.

A complaint is not subject to dismissal
pursuant to T.R. 12(B)(6) unless it appears
to a certainty that the plaintiff would not
be entitled to relief under any set of facts.
When neither evidence nor affidavits are
submitted, a T.R. 12(B)(6) motion can be

granted only where it is clear from the face of the complaint that under no circumstances could relief be granted. *State v. Rankin,* (1973) 260 Ind. 228, 294 N.E.2d 604.

The pleading in question does reveal on its face that it was filed more than two years after the accrual of the cause of action. However, the pleading also shows on its face that it is an *amended complaint.*

■ Pursuant to T.R. 15(C), an amended complaint or pleading will relate back to the date of the original pleading if the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrences set forth in the original pleading. An amendment changing a party will also relate back if the delineated conditions are met.[1]

■ Therefore, although the face of Parsley's amended complaint reveals it was filed three (3) years after the occurrence, it does not appear to a certainty that the statute of limitations has expired. Facts could exist under which the amended complaint would relate back, tolling the statute of limitations. It was therefore erroneous to sustain the motion to dismiss when it was based only on the face of the complaint.

Judgment reversed and remanded for further proceedings not inconsistent with this opinion.

BUCHANAN, C. J., and SULLIVAN, J., concur.

---

1. Ind.Rules of Procedure, Trial Rule 15(C) provides:

   "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him the party to be brought in by amendment:

   (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

   (2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him."