**HONDA MOTOR COMPANY, LTD.,**
**Defendant-Appellant,**

v.

**Maxine PARKS, Personal Representative**
**of the Estate of Eldon R. Parks,**
**Deceased, Plaintiff-Appellee.**

No. 1–784A162.

Court of Appeals of Indiana,
First District.

Nov. 26, 1985.

Rehearing Denied Jan. 9, 1986.

Hugh Watson, Randall R. Riggs, Locke Reynolds Boyd & Weisell, Indianapolis, for defendant-appellant.

James E. Ayers, Wernle, Ristine & Ayers, Crawfordsville, James P. Buchanan, Buchanan & Buchanan, Lebanon, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Honda Motor Company, Ltd. (Japanese Honda) appeals from the denial of its motion for summary judgment asserting action against it was barred by the applicable statute of limitations. We affirm.[1]

## FACTS

Eldon R. Parks was killed in an automobile wreck on June 27, 1981. Maxine Parks, as the duly appointed personal representative of Eldon Parks' estate, on June 23, 1983, commenced this action for wrong-

---

1. This case was assigned to the writing judge on October 22, 1985.

ful death against American Honda Motor Company, Inc. (American Honda), as manufacturer, and Bob Rohrman and Bob Rohrman Motors, Inc., as sellers, of a certain 1980 Honda Accord automobile which Parks owned and was driving at the time of the wreck. The complaint asserted that the Honda automobile was defective and that Parks' death was proximately caused by the defect. In August of 1983, American Honda filed its answer specifically denying it was the manufacturer of the automobile in question. The personal representative then submitted interrogatories to American Honda inquiring as to the identity of the manufacturer. Answers to such interrogatories filed September 22, 1983, revealed that Japanese Honda was the manufacturer. Personal representative on October 3, 1983, moved for leave to amend her complaint to add Japanese Honda as a party defendant pursuant to Indiana Rules of Procedure, Trial Rule 15. The motion was granted and the complaint so amended on October 5, 1985, and summons was issued to and served upon Japanese Honda. American Honda is a totally owned subsidiary of Japanese Honda. Both are represented by the same counsel. American Honda imports and distributes Honda products in the United States. American Honda is one of many of the consolidated subsidiaries of Japanese Honda. Honda's warranty book for 1982 states: "Honda is American Honda Motor Co., Inc. (American Honda) 100 West Alondra Boulevard Gardenia, California, 90247, a California corporation and/or Honda Motor Co., Ltd., 27–8 6 Chome, Jinguumae, Shibuya-Ku, Tokyo 150 Japan, a Japanese Corporation." Record at 176.

### ISSUE

Although both Japanese Honda and personal representative state multiple issues in their briefs, the question before us involves the single issue of whether or not Japanese Honda could be made a party defendant more than two years after the occurrence which is the subject of this action under the doctrine of relation back to the time of the filing of the original complaint as provided in Trial Rule 15(C).

### DISCUSSION AND DECISION

Actions for wrongful death were unknown at common law and are purely statutory in origin. *Warrick Hospital, Inc. v. Wallace* (1982), Ind.App., 435 N.E.2d 263, *trans. denied; General Motors Corporation v. Arnett* (1981), Ind. App., 418 N.E.2d 546, *trans. denied; Bocek v. Inter-Insurance Exchange, et al.* (1977), 175 Ind.App. 69, 369 N.E.2d 1093. Because such actions are purely statutory, a wrongful death plaintiff must meet and comply with all conditions precedent to bringing such an action. *Warrick Hospital*, at 268. This includes meeting the requirements of Indiana Code section 34–1–1–2 which provides that "[w]hen the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two years ..." *Id.* The two year time period within which a wrongful death action must be commenced is not a statute of limitations, but is a condition precedent to the existence of the action. *Arnett*, at 548; *Bocek*, 369 N.E.2d at 1097. Since a wrongful death action may be prosecuted only by the personal representative of decedent's estate, and must be brought within two years to meet the condition precedent to the right of action, obviously the personal representative must be appointed within that two year period. *Warrick Hospital*, at 268; *Arnett*, at 548.

Japanese Honda relies upon our decisions in *Warrick Hospital* and *Arnett* in support of its position that the personal representative could not amend to add it as a defendant after the two year period had expired and for the general proposition that the relation back provisions of Indiana Rules of Procedure, Trial Court 15(C) are not applicable to wrongful death actions. We believe Japanese Honda's interpretation of our holdings in those two cases is overbroad.

In both *Warrick Hospital* and *Arnett*, the widow instituted a wrongful death action within the two year period but without being appointed personal representative. After more than two years had elapsed, the widow in each case was appointed personal representative and then sought to amend to substitute the personal representative as plaintiff and claimed the amendment related back to the time of the filing of the original complaint under T.R. 15(C). We rejected that position in both *Warrick Hospital* and *Arnett*. We pointed out in *Warrick Hospital* that because a personal representative is the only party who can prosecute a wrongful death action, and must do so within two years, the appointment as personal representative could not relate back. In *Arnett*, we held that the plaintiff was not seeking to amend her complaint, rather she was seeking to change her status from individual plaintiff to that of personal representative. *Arnett* declared that T.R. 15(C) could not be used for this purpose, and since the widow was not appointed personal representative within two years of decedent's death, she failed to meet a condition precedent to the right of action. Within that factual context, we held T.R. 15(C) was inapplicable.

We have no quarrel with the holdings in *Warrick Hospital* or *Arnett*, but we are unwilling to extend them beyond their particular factual contexts. Here, we are not dealing with a situation in which a purported wrongful death action was commenced by an ineligible plaintiff thereby failing to meet a statutory condition precedent to the right of action, followed by a belated appointment after more than two years, of a personal representative and then attempting to substitute that personal representative as plaintiff. In this case, the wrongful death action was commenced *by the personal representative* within the two year period thus meeting that part of the statutory condition precedent under Ind.Code sec. 34–1–1–2. The purpose of the amendment in this case was to change or add defendants. Changing defendants is quite another matter from changing plaintiffs.[2] Thus, we believe the language in *Arnett* that T.R. 15(C) is inapplicable does not support Japanese Honda's broad assertion that T.R. 15(C) is not at all applicable in wrongful death cases, but instead is limited to holding that T.R. 15(C) was not applicable for the purposes intended in *Arnett*.

In order to determine whether the relation back provision of T.R. 15(C) properly may be utilized in the manner sought in the case at bar, we must look to the language of the rule and the cases interpreting it. T.R. 15(C), in relevant part, provides:

"(C) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him."

---

**2.** It is clear under Indiana law, T.R. 15(C) may not be utilized to substitute a qualified plaintiff in a wrongful death case for an unqualified one after the expiration of two years. Whether or not T.R. 15(C) can be used to add or substitute plaintiffs in another type of case is an issue not before us. Although the rule speaks to changing defendants, it has been said that the same rationale applies to substitution of plaintiffs under

Federal Rules of Civil Procedure, Rule 15(c). *Unilever (Raw Materials), Ltd. v. M/T Stolt Boel* (S.D.N.Y.1977), 77 F.R.D. 384. Further, we have allowed amendment to add a party plaintiff after the statute of limitations had run where the conditions of Trial Rule 15(C) were met. *Benke v. Barbour* (1983), Ind.App., 450 N.E.2d 556.

As a general rule, pursuant to T.R. 15(C) an amended complaint changing a defendant will relate back to the date of the original complaint if the claim asserted against the new defendant arose out of the same conduct, transaction, or occurrence, and the other conditions of T.R. 15(C) are met. *Parsley v. Waverly Concrete & Gravel Co.* (1981), Ind.App. 427 N.E.2d 1 *trans. denied; Eberbach v. McNabney* (1980), Ind.App., 413 N.E.2d 958, *on rehearing* (1981), 421 N.E.2d 651, *trans. denied.* In *Eberbach*, the collision occurred on February 28, 1976. Castor, the named defendant in the action filed on February 24, 1978, died on March 29, 1977. On October 23, 1978, after the running of the statute of limitations, the plaintiffs moved to substitute Castor's personal representative and claimed relation back under T.R. 15(C). In reversing the trial court's grant of summary judgment for the personal representative, this court held it was a case of misnomer and stated: "[W]e conclude, as a matter of law, the Eberbachs' substitution of the special administrator, appointed prior to the original complaint, could relate back to the date of the original complaint naming the decedent *if* the conditions of T.R. 15(C) were met." (Original emphasis.) 413 N.E.2d at 962. The court then stated that the question was whether the special administrator (1) received such notice of the action that he would not be prejudiced in maintaining his defense, and (2) knew or should have known that the action would have been brought agianst him but for the mistake in identity. Because there were genuine issues of fact on these points, granting of summary judgment was improper. *Eberbach*, 413 N.E.2d at 962.

In *Chrysler Corporation v. Alumbaugh* (1976), 168 Ind.App. 363, 342 N.E.2d 908 *trans. denied*, a case remarkably similar factually to this case, we upheld the substitution of a defendant and the application of the relation back provisions of T.R. 15(C). There, the accident occurred on February 4, 1969. Plaintiff sued Chrysler Motors Corporation as manufacturer of the vehicle. An amended complaint was filed in 1971 with the same party designation. In May of 1972, more than two years after the collision, in answers to interrogatories, Chrysler Motors Corporation denied manufacture and disclosed that the manufacturer was Chrysler Corporation. Plaintiff then moved to substitute. Chrysler Corporation objected on the basis of the statute of limitations. This court held the substitution proper under T.R. 15(C).

In the *Alumbaugh* case, this court quoted the provisions of T.R. 15(C) regarding relation back. The court then said it was apparent the liability asserted against Chrysler Corporation arose out of the same conduct, transaction, or occurrence. "It [was] equally apparent that Chrysler Corporation knew or should have known that but for a mistake in identity, suit would have been initiated against it." Finally, the court said there was evidence from which it could be determined that Chrysler Corporation had notice of the action within the limitation period and that its defense was not prejudicial. 342 N.E.2d at 912. This court, reviewing federal decisions, said that if the conditions of T.R. 15(C) are met, the courts have allowed a plaintiff to substitute a party defendant for one erroneously named. The court then quoted the following language from *Travelers Indemnity Co. v. United States* (10th Cir.1967), 382 F.2d 103, 106:

"This purpose is not furthered by giving Rule 15 lip service rather than full fealty. Nor is the purpose of the federal rules furthered by denying the addition of a party who has a close identity of interest with the old party when the added party will not be prejudiced. The ends of justice are not served when forfeiture of just claims because of technical rules is allowed. Thus the reasons [sic] amendments are to be granted freely as justice requires, and the trial court's decision to allow amendment will not be upset unless a clear abuse of discretion exists. (Citations omitted.)"

342 N.E.2d at 913. Judge Garrard, writing for this court in *Alumbaugh*, stated:

"The same philosophy applies in the interpretation of our rules. TR 1. That

our Civil Code Study Commission had this view in mind in the adoption of TR 15(C) may be gathered from the official comment to this section of the rule:

> 'If the requirements are met, an amendment changing a party defendant is not a new proceeding which would be subjected to the statute of limitations as of its filing date. This portion of the new rule will alter prior Indiana case law.'

"Accordingly, we hold the substitution was proper."

342 N.E.2d at 913.

This court most recently has had occasion to consider the question of relation back under T.R. 15(C) so as to defeat the statute of limitations in *Creighton v. Caylor-Nickel Hospital, Inc.* (1985) 484 N.E.2d 1303. There, the plaintiff was injured while a patient at the Caylor-Nickel Hospital, Inc. That hospital is one of three facilities bearing the name of Caylor-Nickel, the other two being the Caylor-Nickel Research Institute and the Caylor-Nickel Clinic. All are housed in the same building, although in separate parts, and each is a separate entity. Plaintiffs, relying upon information received from the Commissioner of Insurance, sued Caylor-Nickel Clinic. Five days after the statute of limitations ran, plaintiffs learned they should have sued Caylor-Nickel Hospital, Inc., and three days later, they filed an amended complaint naming the proper defendant. The Clinic's risk manager, Lockwood, was also risk manager for the Hospital and knew of plaintiffs' claim within the statutory period. This court held the conditions of T.R. 15(C) were met, the Clinic had sufficient notice, and the doctrine of relation back applied. Therefore, the granting of the Hospital's motion for summary judgment was reversed.

■ Our Trial Rule 15(C) is essentially the same as Fed.Rules Civ.Proc.Rule 15(c), consequently it is appropriate to consider federal authorities as guidelines for the proper application of the rule. In *Elam v. Neville* (N.D.Ind.1955), 129 F.Supp. 437, the plaintiff in a personal injury action

sued Schreiber Truck Company. The suit was filed December 28, 1951, and was based upon an occurrence of January 4, 1950. On January 21, 1952, Schreiber Truck Co., Inc., moved to dismiss. On January 11, 1954, plaintiff moved to amend to name Schreiber Truck Co., Inc., as defendant and summons was issued and served on that entity. The court held the amendment related back because it was clear the plaintiff intended to sue Schreiber Truck Co., Inc., and that this was a case of mere misnomer properly corrected by amendment which related back, thus the statute of limitations did not bar the claims.

*Dutka v. Southern Railway Company* (N.D.Ga.1981), 92 F.R.D. 375, is even closer factually to the case at bar. That case involved a collision between a train and an automobile on April 14, 1979. Automobile passengers, as plaintiffs, on March 27, 1981, sued Southern Railway Company. Southern answered on April 17, 1981, asserting it did not own the train, tracks, or employ the crew. In subsequent discovery, plaintiffs learned that Georgia Southern and Florida Railway Company actually owned the train and employed the crew. Plaintiffs sought to amend to substitute Georgia Southern and contended the amendment related back. The court held the requirements for relation back under F.R.C.P. Rule 15(c) were met. Southern owned all the stock of Georgia Southern. The companies had some of the same principal officers. Both were members of affiliated railway companies known as Southern Railway System. Southern Railway System maintained a claim division for all members and that claim division was notified shortly after the occurrence. Thus, the court held Georgia Southern had at least constructive notice within the limitations period.

Although the court held F.R.C.P. Rule 15(c) inapplicable in *Hernandez Jimenez v. Calero Toledo* (1st Cir.1979), 604 F.2d 99, a case where the original and added defendants were the mayor and a political party leader, respectively, the court made the following relevant observation:

"The identity of interests concept, a judicial gloss on Rule 15(c)(1), provides that the institution of the action serves as constructive notice of the action to the parties added after the limitations period expired, when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced. [Citation omitted.] The identity of interest principle is often applied where the original and added parties are a parent corporation and its wholly owned subsidiary, two related corporations and its wholly owned subsidiary, two related corporations whose officers, directors, or shareholders are substantially identical and who have similar names or share office space, past and present forms of the same enterprise, or co-executors of an estate. [Citation omitted.]"

604 F.2d at 102–03.

One respected commentary on the Federal Rules has stated:

"In order for an amendment adding a party to relate back under Rule 15(c) the party to be added must have received notice of the action before the statute of limitations has run. Otherwise, the deprivation of the new party's right to invoke the statute of limitations defense might raise a question of procedural due process...."

6 Wright & Miller, *Federal Practice and Procedure*, sec. 1498 (1985 pocket part).

"Even though an identity of interest is found between the named defendant and the party plaintiff actually intended to sue, relation back will be allowed only if the other requirements of Rule 15(c) have been satisfied. Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other."

6 Wright & Miller, *Fed.Prac. & Proc.*, sec. 1499 (1985 pocket part).

To be sure, not all of the decided cases have applied the relation back doctrine of T.R. 15(C) to defeat the statute of limitations. We believe those cases are distinguishable and present no obstacle to the application of T.R. 15(C) in this case. For example, in *Bowling v. Holdeman* (1980), Ind.App., 413 N.E.2d 1010, a plaintiff injured at the Winchester Speedway sued Holdeman individually as the owner. Holdeman was the president and owner of seventy-five percent of the stock of the corporation which owned the speedway. At trial, plaintiff called Holdeman who testified the corporation owned the speedway although he had previously answered an interrogatory stating he was the owner. This interrogatory and answer thereto were not read into evidence. The trial court refused plaintiffs motion, three years after the occurrence, to substitute the corporation as a defendant and granted judgment on the evidence for Holdeman. Although we affirmed that judgment, we stated that had the interrogatory answer been read into evidence there would have been sufficient evidence to avoid a judgment on the evidence. At least inferentially, had there been presented sufficient evidence to prove that Holdeman and the corporation were one and the same, amendment to substitute the corporation and relation back under T.R. 15(C) would have been appropriate.

In *Gibson v. Miami Valley Milk Producers, Inc.* (1973), 157 Ind.App. 218, 299 N.E.2d 631, *trans. denied* (1974), Gibson sued, among others, Miami Valley Milk Producers, Inc. After the running of the statute of limitations, he filed an amended complaint adding Miami Valley Milk Producers, a separate and distinct entity, as a party defendant. This court rejected relation back under T.R. 15(C) holding that doctrine pertained to substituting parties, not adding completely new parties. *Ryser v. Gatchel* (1972), 151 Ind.App. 62, 278 N.E.2d 320, also stated that T.R. 15(C) cannot be employed to bring in a new party defendant after the statute of limitations has run. However, in *Ryser*, the court indicated that had Ryser filed an affidavit

setting forth the facts alleged in his amended complaint that he was misled as to the identity of the other party, a genuine issue of fact would have been presented and summary judgment for the added defendant would have been improper.

Again in *Barnd v. Borst* (1982), Ind. App., 431 N.E.2d 161, *trans. denied,* we refused to equitably estop assertion of the statute of limitations defense because the plaintiff always had equal access to information on the true identity of the other party.

In *Norton v. International Harvester Co.* (7th Cir.1980), 627 F.2d 18, relation back was rejected because there was no evidence of notice and no sufficient identity of interest.

Two other recent cases decided by this court, bearing upon the related issue of whether service of process on one entity is sufficient to acquire jurisdiction over a related entity, also persuade us that it was error to grant Japanese Honda's motion for summary judgment. In *General Finance Corp. v. Skinner* (1981), Ind.App., 426 N.E.2d 77, *on rehearing* (1982) 431 N.E.2d 526, we held that jurisdiction of a parent corporation can be acquired by service of process on a subsidiary corporation where the subsidiary is wholly controlled and dominated by the parent corporation. We said that courts refuse to recognize corporations as separate entities where the facts establish several corporations are acting as the same entity. 426 N.E.2d 84.

Addressing the same question involved in *Skinner,* Judge Neal, writing for this court in *Radio Picture Show v. Exclusive International Pictures, Inc.* (1985) Ind.App., 482 N.E.2d 1159, 1165, stated:

"The analysis of the cases in *Skinner* reflect that Indiana, as well as most courts, will not permit business enterprises to so structure themselves in a complex, incomprehensible manner with multiple entities so as to prevent ascertainment of which corporate entity should be served, or who should shoulder the responsibility to the injured party. Litigants can only rely on words and representations of known companies, officers and records. Here a complex structure seen through a glass darkly is formed and changed for no other purpose than to shield its participants from liability and mask the interest and identities. Exclusive had no way, absent discovery after suit was commenced, to know the structure of the enterprise or the alleged substitution. As we said in *Skinner:* 'The cases hold in effect that Skinner need not transverse this corporate labrinth [sic] in search of a defendant, but may serve that visable [sic] portion of the enterprise held out to her.' *Skinner, supra,* 431 N.E.2d at 527."

■ Therefore, it is our opinion, that considering the fact that American Honda is a wholly owned subsidiary of Japanese Honda, and the other evidence before the court, a genuine issue of fact was presented as to whether there was a sufficient identity of interests between the two related corporations that the institution of the action against American Honda served as constructive notice to Japanese Honda. It is unquestioned that the claim against Japanese Honda arose out of the same conduct occurrence, or transaction as the claim stated against American Honda. The first condition of T.R. 15(C) clearly was met. It also seems clear that but for the mistake in identity, suit would have been brought against Japanese Honda thereby meeting subsection (2) of T.R. 15(C). Likewise, we think there is presented a genuine issue of fact whether Japanese Honda would not be prejudiced in maintaining its defense on the merits. We also are of the opinion that the distinction made in *Gibson* and *Ryser* between *changing* parties and *adding* parties cannot be applied in a case where there is such a close identity of interests as may be involved between parent and subsidiary corporations where the facts may show them to be, for all practical purposes, one and the same.

For the reasons herein stated, we believe the trial court properly denied Japanese Honda's motion for summary judgment.

Judgment affirmed.

ROBERTSON, J., and MILLER, J. (sitting by designation), concur.