**Melissa KUEHL, Appellant–Plaintiff,**

**v.**

**James HOYLE, Appellee–Defendant,**

**and**

**General Casualty Company of Wisconsin, Appellee–Intervenor.**

No. 49A04–0004–CV–164.

Court of Appeals of Indiana.

April 9, 2001.

Nathaniel Lee, Lee, Burns & Cossell, LLP, Indianapolis, IN, Attorney for Appellant.

Michael E. Simmons, Mitchell M. Pote, Hume, Smith, Geddes, Green & Simmons, LLP, Indianapolis, IN, Attorney for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

This appeal stems from the trial court's denial of Melissa Kuehl's "Motion for Leave to Amend Complaint" in her suit seeking damages for injuries sustained in an automobile accident. We affirm, but deny General Casualty Company of Wisconsin's ("General Casualty") request for appellate attorney fees.

### Issues

The restated issues for our review are:

I. whether the trial court erroneously denied the motion to amend; and

II. whether General Casualty is entitled to appellate attorney fees.

### Facts

On December 12, 1990, Kuehl and James Hoyle were involved in an automobile accident. Kuehl was a passenger in an automobile being driven by Anita Cains, who is not a party to this action. Hoyle was a permissive driver of a vehicle that was owned by Homer Somerville and/or Somerville Construction. After the accident, Hoyle reported to the investigating officer that the collision occurred when his car "failed to stop at the red traffic light due to brake failure." Record p. 843. At the time of the accident, the car Hoyle was driving was covered by a General Casualty insurance policy. On March 25, 1992, Kuehl filed a complaint against Hoyle. When Hoyle failed to appear, Kuehl filed a "Motion for Default Judgment." The trial court granted the motion and, after an unopposed hearing, fixed Kuehl's damages in excess of $200,000.

Upon learning of the lawsuit, General Casualty intervened two months after the default judgment was entered. Simultaneously, General Casualty moved to set aside the default judgment and damage award, but the trial court denied the attempt. General Casualty then filed a complaint for declaratory judgment in a different court, naming Kuehl and Hoyle as defendants and asking the trial court to determine what rights, liabilities, and obligations Hoyle, Kuehl, and General Casualty had with regard to the insurance policy. One year after the filing of the complaint for declaratory relief Somerville and Hoyle filed a "Motion for Leave to File Third Party Complaint" against General Casualty, which was granted. The third-party complaint was later dismissed. After the actions were consolidated into one suit, the trial court conducted a bench trial in April 1994. General Casualty appealed a portion of the trial court's order. We found in favor of General Casualty and remanded the matter to the trial court. In 1997, the trial court issued an order finding that General Casualty was prejudiced as a result of the delay in notification of the suit until after default judgment was entered against Hoyle. The trial court further ruled that Hoyle was not entitled to insurance coverage for any claims brought by Kuehl as a result of the accident. When Kuehl appealed, we affirmed the trial court's finding in May 1998.

In March 2000, Kuehl moved to amend her complaint to add Somerville as a de-

fendant. A few days later, the trial court denied her motion without findings. This appeal ensued.

## Analysis

### I. Motion to Amend

Kuehl contends that she "has the right" to amend her complaint pursuant to Indiana Trial Rule 15(A) and 15(C). Appellant's Brief p. 4. These portions of the rule state in pertinent part:

(A) ... A party may amend his pleading once as a matter of course at any time *before a responsive pleading is served* or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty [30] days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and *leave shall be given when justice so requires.* ...

\* \* \* \* \*

■ (C) ... Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Ind.Trial Rule 15 (emphases added). The party seeking to add an entirely new party bears the burden of proving the criteria set out in T.R. 15(C). *A.J.'s Automotive Sales, Inc. v. Freet,* 725 N.E.2d 955, 965 (Ind.Ct.App.2000), *trans. denied.*

■ Amendments to the pleadings are to be liberally allowed so that all issues involved in a lawsuit are presented to the jury. *Hendrickson v. Alcoa Fuels, Inc.,* 735 N.E.2d 804, 817 (Ind.Ct.App.2000). However, the trial court has broad discretion in granting or denying amendments to the pleadings, and we will reverse only upon a showing of abuse of discretion. *Id.* An abuse of discretion is an erroneous conclusion and judgment that is clearly against the logic and effect of the facts and circumstances before the court or the reasonable deductions to be drawn therefrom. *Id.*

■ Kuehl first contends that she has the right to amend her complaint as a matter of course because Hoyle, the original defendant, never filed a responsive pleading. It is true that Hoyle's failure to appear or file a responsive pleading in the suit resulted in a default judgment being entered against him. It is also true that Indiana Trial Rule 15(A) permits a party to amend a complaint without leave before a responsive pleading is filed. However, that rule does not compel us to reach the result Kuehl urges given the circumstances of this case.

Here, a default judgment was entered in 1992, some eight years before Kuehl moved to amend her complaint to add a new defendant. The only trial rule that contemplates the amendment of a complaint after a judgment is Rule 12(B), which provides in part:

When a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of this rule the pleading may

be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule.

It is clear from this language that the amendment of a complaint after judgment has been entered pursuant to this rule is permitted as a matter of right only within the strict timeline of ten days. After that point, an amendment is permitted only with leave of court. Furthermore, we have held that a plaintiff is not entitled to amend her complaint as a matter of right after a disposition by summary judgment. *Comer v. Gohil,* 664 N.E.2d 389, 394 (Ind. Ct.App.1996), *trans. denied; Mishler v. Elkhart County,* 521 N.E.2d 693, 698 (Ind. Ct.App.1988), *vacated on other grounds,* 544 N.E.2d 149. As such, amending a complaint after judgment is contemplated only under very limited circumstances. Kuehl cites no authority that would permit her to amend her complaint after the default judgment had been entered eight years earlier, and we find none in light of Trial Rule 12(B)'s restriction on amendments after dismissal for failure to state a claim and our holdings precluding amendment after summary judgment. We find no basis or reason to apply the Trial Rule 15(A) provision when final judgment was entered years ago. To hold otherwise would be to produce the absurd result of permitting a plaintiff to amend her complaint to add a party as a matter of right some eight years after judgment was entered in the case simply because the original defendant never appeared in the suit to file a responsive pleading. Permitting such a maneuver would defeat the purpose of having statutes of limitation that are designed to promote finality in litigation. *See Shideler v. Dwyer,* 275 Ind. 270, 417 N.E.2d 281, 283 (1981) (reiterating that statutes of limitation are favored because they afford security against stale claims and promote the peace and welfare of society and that they are enacted upon the presumption that one having a well-founded claim will not delay in enforcing it). The trial court did not abuse its discretion in refusing to grant Kuehl's motion to amend pursuant to Trial Rule 15(A).

■ Kuehl also argues that T.R. 15(C) applies because her claim against Somerville arises from the same accident as alleged in the original complaint and that he would not suffer any prejudice from being added as a defendant. Kuehl concedes that Somerville did not receive actual notice of the action until after the statute of limitation had passed, but she maintains that he does not have a defense based on the statute of limitation because he previously joined the suit voluntarily after the statutory period had expired. Kuehl's claim against Somerville does arise from the same accident that formed the basis of her original suit against Hoyle. However, the remainder of the "relation back" standard in Trial Rule 15(C) is not satisfied. To be entitled to amend her complaint to add a party as opposed to a claim, Kuehl had to establish that Somerville received notice of the institution of the action such that he would not be prejudiced in maintaining his defense on the merits and that Somerville knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

First, Somerville did not receive notice of Kuehl's claim within the statute of limitation. We find Kuehl's allegation that Somerville waived any defense to the expiration of the statute of limitation in her tort case to misrepresent the record. Somerville and Hoyle filed a motion for leave to file a third-party complaint against General Casualty in November of 1993, which was later granted. This

three-count complaint sounded in breach of contract, fraud, and failure to act in the interest of the insured, alleging basically that General Casualty had failed to perform according to the terms of the policy Somerville had on the vehicle at the time of the accident. Somerville's third-party suit related to the benefits he believed were owed pursuant to the insurance policy he carried on his vehicle and was in no way based on the actual facts of the accident. When Somerville filed the third-party complaint, the two-year statute of limitation for the tort action had already expired approximately one year earlier and, therefore, Somerville was no longer subject to personal liability for the accident.[1] We recognize that a party may, under certain circumstances, waive a statute of limitation defense by not raising it, but we find that is not the case here. *See* T.R. 8(C). The fact that he filed the third-party complaint in no way constituted a waiver of his statute of limitation defense to Kuehl's tort action against him. Furthermore, Kuehl's claim that Somerville would not be prejudiced by being brought in as a defendant years after the statute of limitations expired without having received proper notice of his potential liability is without merit. Kuehl can establish neither that Somerville received notice within the statutory period nor that he would not be prejudiced by being subject to personal liability years after the accident without having received notice.

■ Second, Kuehl did not establish Somerville knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him. In fact, the delay in attempting to bring Somerville into the suit was not caused by any mistake regarding the identity of the proper party. The basis for Kuehl's claim against Somerville was essentially that he failed to properly maintain the vehicle because of the question of whether the brakes performed properly. The question regarding brake performance was raised as early as the original police report from the accident, which indicated that Hoyle claimed he did not stop as a result of brake failure. Likewise, the owner of the vehicle was listed as "Homer Somerville Co." on that police report. Thus, all of the information necessary to precipitate Kuehl's action against Somerville was available before the commencement of the litigation. The issue was raised again at various points throughout the development of the case, including General Casualty's attempt to set aside the default judgment and the 1996 trial on the issue of prejudice.[2] Despite the fact that the brake performance has been at issue during the course of the litigation, Kuehl

1. Kuehl makes the bare assertion that "Somerville joined the action because he believed Kuehl would file a claim against him and he wanted General Casualty to pay for said claim." Appellant's Brief pp. 5–6. There is no support for Kuehl's claim from the language of the third-party complaint, which we described above.

2. In fact, one of the trial court's findings after that trial provided:

With regard to liability, Hoyle has claimed from the time of the motor vehicle collision through his testimony at trial that the brakes on the pickup truck which Hoyle was operating at the time of the collision failed unexpectedly and without warning. The evidence of Hoyle's contention of sudden and unexplained brake failure is contained in the deposition of Hoyle, the deposition of Homer Somerville, the trial testimony of Ann Unger, a recorded interview of James Hoyle, the report taken by the investigating police officer at the accident scene, the statement of Mary Nicewanger, a recorded statement taken from Hoyle by Attorney Nathaniel Lee, and in correspondence from Attorney Lee to Ann Unger of General Casualty....

Record p. 1998.

never pursued a claim against Somerville. Therefore, Kuehl's failure to name Somerville in the suit before the expiration of the statute of limitation was not a result of mistaken identity, and certainly Somerville would have had no reason to believe otherwise. Kuehl failed to establish the second requirement for amending her complaint.

In sum, Kuehl failed to satisfy the requirements under Trial Rule 15(A) or (C). She has failed to demonstrate that she is entitled to file her amended complaint some ten years after the accident and two years after the resolution of the last appeal. Therefore, the trial court did not abuse its discretion in denying her motion to amend.

## II. Appellate Attorney Fees

■ Former Indiana Appellate Rule 15(G) [3] provided:

> If the court on appeal affirms the judgment, damages may be assessed in favor of the appellee not exceeding ten percent (10%) upon the judgment, in money judgments, and in other cases in the discretion of the court; and the court shall remand such cause for execution.

The damages available under this rule are sometimes characterized as appellate attorney fees. *Greasel v. Troy*, 690 N.E.2d 298, 304 (Ind.Ct.App.1997). We may award appellate attorney fees "when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Hyundai Motor Co. v. Stamper*, 651 N.E.2d 803, 810 (Ind.Ct.App.1995).

■ Although Indiana Appellate Rule 15(G) provides this court with discretionary authority to award damages in favor of the appellee when we affirm the judgment, we must use extreme restraint when exercising its discretionary power to award damages on appeal because of the potential chilling effect upon the exercise of the right to appeal. *Transcontinental Insurance Co. v. J.L. Manta, Inc.*, 714 N.E.2d 1277, 1284 n. 2 (Ind.Ct.App.1999). A strong showing is required to justify an award of appellate damages, and the sanction is not imposed to punish lack of merit unless an appellant's contentions and arguments are utterly devoid of all plausibility. *Id.*

■ General Casualty contends that it is entitled to appellate fees for numerous reasons. It maintains that Kuehl's appeal is frivolous and that General Casualty has already borne the "costs of two appeals, an unsuccessful effort to intervene in one lawsuit, and two bench trials." Appellee's Brief p. 22. General Casualty also contends that Kuehl's claim is unreasonable because she requested to amend her complaint eight years after she initiated the proceedings. In essence, General Casualty claims that Kuehl is simply trying to relitigate matters that have already been settled. We do not find the arguments raised by Kuehl rise to a level that compel us to award fees. However, we do note that Kuehl's counsel was not forthcoming with regard to relevant facts concerning the procedural posture of this case, particularly with respect to the two previous appeals and the third-party complaint. We also note that any further attempts by Kuehl to perpetuate litigation on issues previously resolved may result in an award of fees. We exercise our discretion to

---

**3.** Because this appeal was initiated by the filing of a praecipe before January 1, 2001, the old appellate rules still govern it. The new appellate rule governing damages states, "[t]he court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall remand the case for execution." Ind.Appellate Rule 66(E).

deny General Casualty's request for appellate fees.

### Conclusion

Because the trial court did not abuse its discretion when it denied Kuehl's motion to amend her complaint, we affirm the decision. We also exercise our discretion to deny General Casualty's request for appellate damages.

Affirmed.

BAKER and BROOK, JJ., concur.