SERVICEMASTER DIVERSIFIED HEALTH SERVICES, L.P., Appellant–Defendant,

v.

Henry WILEY, Appellee–Plaintiff.

No. 46A04–0210–CV–485.

Court of Appeals of Indiana.

July 2, 2003.

Christopher A. Nichols, Husch & Eppenberger, LLC, Peoria, IL, Attorney for Appellant.

Shaw Friedman, Friedman and Associates, P.C., LaPorte, IN, Jay Lauer, South Bend, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant ServiceMaster Diversified Health Services, L.P., n/k/a BEP Services L.P. (BEP), appeals the trial court's grant of summary judgment in favor of appellee-plaintiff Henry Wiley. BEP contends that the expiration of the statute of limitations precludes Wiley's addition of BEP as a co-defendant to his second amended complaint pursuant to Trial Rule 15(C) specifications. Conclud-

ing Wiley failed to meet the notice requirements of Trial Rule 15(C), we reverse the trial court's grant of amendment to the complaint adding BEP as a defendant.

### FACTS

Wiley was employed as a certified nursing assistant at the Michigan City Heathcare Center (Center), owned by defendant Metro Health Foundation Midwest Corporation (Metro). Metro entered into an agreement with BEP to provide management services to the Center beginning July 20, 1995. Specifically, BEP "provided an on-site administrator who was responsible for the functional operation of the facility and the execution on a day-to-day basis of policies established by either the manager or Metro." Appellant's App. p. A–86. BEP also "coordinated all legal matters and proceedings related to the operations of the [Center]." Appellant's App. p. A–137.

Wiley's duties at the Center included bathing patients. Specifically, Wiley was assigned to bathe defendant John Bentley who suffers severe brain damage and physical impairment from a motorcycle accident. In November 1996, Bentley reported to a nurse that Wiley sexually assaulted him during a bath. Based on the allegation, Wiley was terminated. On November 10, 1998, Wiley filed a complaint against Metro and Bentley for breach of implied covenant of good faith and fair dealing, defamation, and some unspecified allegation of negligence. Appellant's App. p. A–88–89. In particular, Wiley claimed that Metro representatives made defamatory statements in the presence of third parties intending to tarnish Wiley's professional reputation and breached a duty to reasonably investigate Bentley's allegations because he previously fabricated claims. Appellant's App. p. A–15–19.

On July 19, 2000, over four and a half years after Wiley's termination and almost three years after filing the original complaint, Wiley filed a motion to add BEP as a necessary co-defendant, which the trial court granted. Appellant's App. p. A–84. On August 3, 2001, Wiley filed his second amended complaint, which was virtually identical to the July 19, 2001 complaint with the addition of *BEP* as a co-defendant. Appellant's App. p. A–85–90.

BEP responded by filing a motion to dismiss seeking to dismiss all three counts pursuant to Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted. Specifically, BEP argued: (1) the breach of implied covenant claim was not one recognized at law under the facts of Wiley's arguments; and (2) the two-year statute of limitations applicable to all three counts barred all claims. In an order dated June 24, 2002, the trial court dismissed the breach of covenant claim yet denied the motion to dismiss the defamation and negligence actions. Appellant's App. p. A–7–8.

Accordingly, BEP filed a Motion to Correct Error, or in the alternative, to Certify Issue for Appeal on July 16, 2002. Appellant's App. A–201–204. The trial court denied BEP's motion; however, the court did certify the order for interlocutory appeal. Appellant's App. p. A–10. This court accepted jurisdiction over the appeal pursuant to Appellate Rule 14(B) on December 24, 2002. Appellant's App. p. A–12.

### DISCUSSION AND DECISION

BEP contends that the trial court erroneously denied its motion to dismiss the defamation and negligence claims because the statute of limitations had expired and the amended complaint did not "relate back" to the original complaint pursuant to Trial Rule 15(C). We begin by noting that when a motion to dismiss is reviewed under Trial Rule 12(B)(6), we will test the legal sufficiency of a claim, not the

facts supporting it. *Parks v. State,* 789 N.E.2d 40, 45–46 (Ind.Ct.App.2003). Accordingly, we view the complaint in a light most favorable to the nonmoving party and draw every reasonable inference in favor of that party. *Id.* Standing in the shoes of the trial court, we must determine if the trial court erred in applying the law. *Id.* The grant of a motion to dismiss is proper if it is clear that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id.* Moreover, in making this determination, we consider only the complaint and ignore other evidence in the record. *Id.*

■ Both the defamation claim and negligence claim may be considered either tort or employment related actions; however, regardless of their nomenclature, both claims have a two-year statute of limitations under Indiana law and thus must be commenced within two years after the action accrued.[1] Ind.Code § 34–11–2–4; Ind.Code § 34–11–2–1. Generally, an action accrues when a wrongfully inflicted injury causes damage. *Keep v. Noble County Dep't of Public Welfare,* 696 N.E.2d 422, 425 (Ind.Ct.App.1998). The catalyst for Wiley's defamation and negligence claims was the November 1996 termination. Though Wiley acknowledges that the amendment was filed well after the limitations period had expired, he argues that the amendment should relate back to the date his original complaint was filed. Appellee's Br. p. 3. Thus, we will analyze the validity of the claims under Trial Rule 15(C), the "relation back" rule.

■ Generally, a new defendant to a claim must be added prior to the running of the statute of limitations; however, Trial Rule 15(C) provides an exception to this rule. *Wathen v. Greencastle Skate Place,* 606 N.E.2d 887, 890 (Ind.Ct.App.1993). Trial Rule 15(C) states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, the party to be brought in by amendment:
>
> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
>
> (2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Ind. Trial Rule 15(C). In construing the rule, we have also observed that the party seeking to add the new defendant bears the burden of satisfying the criteria set forth in Trial Rule 15(C). *Kuehl v. Hoyle,* 746 N.E.2d 104, 107 (Ind.Ct.App.2001).

■ BEP acknowledges that Wiley's second amended complaint meets the first requirement, that Wiley's claim arose out of the same occurrence set forth in his

---

1. The statute of limitations on negligence actions reads as follows: "An action for ... injury to person or character must be commenced within two (2) years after the cause of action accrues." Ind.Code § 34–11–2–4; The Indiana Employment Related Action Statute reads as follows: "An action relating to the terms, conditions, and privileges of employ-

ment except actions based upon a written contract (including, but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary) must be brought within two (2) years of the date of the act or omission complained of." Ind.Code § 34–11–2–1.

original complaint. Yet BEP denies receiving notice of the action within the statute of limitations—the second requirement—and that but for a mistake in identity, BEP should have known that it would have been sued initially—the third requirement. In addition, Wiley has the burden in establish both that BEP received actual notice within the statute of limitations and that but for the mistake in identity, BEP should have known that it would have been sued. *See Kuehl,* 746 N.E.2d at 107.

■■ When reviewing the second and third requirements of Trial Rule 15(C) the crucial element pertains to the notice requirement. *Red Arrow Stables, Ltd. v. Velasquez,* 725 N.E.2d 110, 113 (Ind.Ct. App.2000). Mere awareness by the party added in the amended pleading that the injury occurred or that the injured party retained counsel is insufficient. Rather the notice must be such that the added party received either actual or constructive notice of the legal action. *Hutchison v. Old Ind. Ltd. Liability Co.,* 714 N.E.2d 789, 793 (Ind.Ct.App.1999). Moreover, such notice must be within the time period provided by law for commencing the action. *Gulley v. Winter,* 686 N.E.2d 176, 180 (Ind.Ct.App.1997). Consequently, Wiley must show that BEP received either actual or constructive notice of his suit before the two-year statute of limitations expired in November 1998.

It is undisputed that BEP did not receive actual notice of Wiley's suit. Appellant's App. p. A–186. Instead, Wiley claims that BEP had constructive notice of the complaint based on the "employment relationship" between BEP and the Center. Appellant's App. p. A–186. Specifically, Wiley asserts that under the "identity of interest doctrine" notice of the lawsuit to Metro within the statute of limitations constituted constructive notice of the filing of the lawsuit to BEP and direct us to *Honda Motor Co. v. Parks,* 485 N.E.2d 644 (Ind. Ct.App.1985) as supportive of this proposition. In *Parks,* the personal representative of an individual killed in an automobile accident sued the American Honda Motor Co., a subsidiary, rather than the parent company, Honda Motor Co., Ltd., which had actually manufactured the automobile. We concluded that there was "such a close identity of interests" between the two corporations that "for all practical purposes" they may have been "one and the same." *Id.* at 651. We noted in *Parks,* that the defendants were a parent corporation and a wholly owned subsidiary, related corporations who are represented by the same counsel and share office space, officers, directors, and shareholders. *Id.* However, Metro and BEP are two separate, distinct entities where Wiley's only connection is that one BEP employee "presumably" worked at Metro when the lawsuit commenced and "presumably" received notice of the lawsuit, which was not even originally brought against his employer. Appellee's B. p. 9. Even assuming that a BEP manager at the Center was aware of Wiley's claim against Metro through coordinating Metro's legal affairs, in accordance with their contractual obligations we cannot say that BEP would "automatically" be expected to anticipate being a party in a lawsuit to which it is not named. Wiley's assertion amounts to mere speculation and is not conclusive in finding an "identity of interest," that would give BEP constructive notice of the lawsuit.

As Wiley did not meet the requirement of Trial Rule 15(C)(1), we need not address the second requirement under this trial rule, regarding the identity of the proper party. Therefore, because BEP had neither constructive nor actual notice of the action within the meaning of Trial Rule 15(C), we reverse the trial court's order

and direct that BEP be dismissed from this case with prejudice.

Judgment reversed.

SULLIVAN and DARDEN, JJ., concur.