**PORTER COUNTY SHERIFF DEPARTMENT, Appellant– Defendant,**

v.

**Rita J. GUZOREK and Douglas Guzorek, Appellees– Plaintiffs.**

No. 46A03–0505–CV–211.

Court of Appeals of Indiana.

Dec. 21, 2005.

Publication Ordered Jan. 12, 2006.

Sharon L. Stanzione, Spangler, Jennings & Dougherty, P.C., Merrillville, for Appellant.

Benjamen W. Murphy, Murphy Yoder Law Firm, P.C., Merrillville, Walter J. Alvarez, Walter J. Alvarez, P.C., Crown Point, for Appellees.

## OPINION

ROBB, Judge.

Porter County Sheriff Department ("PCSD") appeals the trial court's denial of its motion for summary judgment. We reverse and remand.

### Issue

PCSD raises one issue for our review, which we restate as whether the trial court

properly denied PCSD's motion for summary judgment.

### Facts and Procedural History

On August 11, 2000, Officer Joseph R. Falatic of PCSD was on duty and was driving his vehicle back to the police station after responding to a residential alarm. As Officer Falatic approached an intersection, his vehicle collided with a vehicle driven by Rita Guzorek. Guzorek sustained injuries as a result of the accident.

On August 30, 2000, Guzorek sent a tort claim notice to the Indiana Political Subdivision Risk Management Commission, the Porter County Sheriff, the Porter County Attorney, the Porter County Commissioners, and the Porter County Council. The tort claim notice stated that Guzorek "was driving her automobile when an employee of Porter County Sheriff's Department, who was acting within the course and scope of his employment so as to make Porter County liable for the negligence of its employees, struck [Guzorek's] vehicle causing her injuries." Appendix to Appellant's Brief at 39.

Guzorek filed a complaint against Officer Falatic on August 6, 2002, alleging that her injuries were caused by Officer Falatic's negligent actions. Guzorek's husband, Douglas, also sought compensation for loss of consortium and companionship. By agreement of the parties, Officer Falatic filed his answer on June 2, 2003. As an affirmative defense, Officer Falatic stated that at the time of the accident he was employed by Porter County and was acting within the course and scope of his employment.

On November 12, 2003, Officer Falatic served answers to the Guzoreks' interrogatories. In his answers, Officer Falatic admitted that at the time of the accident he was acting within the scope of his employment with PCSD. Officer Falatic stated that the vehicle he was driving at the time of the accident was registered to PCSD and was insured by PCSD.

Officer Falatic filed a motion for summary judgment on November 14, 2003, in which he argued that because he was acting within the scope of his employment at the time of the accident, pursuant to Indiana Code section 34–13–3–5,[1] the Guzoreks could not maintain an action against him personally. On February 23, 2004, the Porter County Superior Court granted Officer Falatic's motion for summary judgment.

While Officer Falatic's motion for summary judgment was still pending, on January 17, 2004, the Guzoreks filed a motion for leave to amend their complaint to add PCSD as a defendant. The Porter County Superior Court granted the Guzoreks' motion to amend on February 26, 2004, and that same day the Guzoreks filed an amended complaint naming PCSD as a defendant. PCSD filed a motion for summary judgment on April 8, 2004, arguing that the Guzoreks' claims were barred by the statute of limitations and did not relate back to the claim filed against Officer Falatic under Indiana Trial Rule 15(C). Included with PCSD's motion for summary judgment was an affidavit by Porter County Sheriff David Reynolds. Sheriff Reynolds stated that PCSD did not receive notice of the Guzoreks' suit against Officer Falatic until May 29, 2003, when his office was provided with a copy of a letter from Officer Falatic's defense attorney.

---

**1.** Indiana Code section 34–13–3–5(b) specifically states, "A lawsuit alleging that an employee acted within the scope of the employ-

ee's employment bars an action by the claimant against the employee personally."

Pursuant to PCSD's motion, jurisdiction over this case was transferred to the La-Porte County Circuit Court. After hearing oral arguments, the LaPorte Circuit Court denied PCSD's motion for summary judgment on March 7, 2005. PCSD filed a motion requesting an order certifying the case for interlocutory appeal, which the trial court granted on April 12, 2005. The Guzoreks filed a motion to reconsider, but the trial court denied that motion. We accepted jurisdiction of this appeal on June 21, 2005.

*Discussion and Decision*

PCSD argues that the trial court erred in denying its motion for summary judgment. We agree.

### I. Standard of Review

The purpose of summary judgment is to terminate litigation about which there are no material factual disputes and which can be resolved as a matter of law. *Brady v. Allstate Indem. Co.*, 788 N.E.2d 916, 919 (Ind.Ct.App.2003). "A party appealing the denial of summary judgment carries the burden of persuading us that the trial court's decision was erroneous." *KLLM, Inc. v. Legg*, 826 N.E.2d 136, 140 (Ind.Ct. App.2005), *trans. denied.*

When determining the propriety of an order denying summary judgment, we apply the same standard of review as the trial court. *Id.* Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Ling v. Stillwell*, 732 N.E.2d 1270, 1274 (Ind.Ct.App.2000), *trans. denied.* Once the moving party meets these two requirements, the burden

shifts to the non-moving party to show the existence of a genuine issue of material fact by setting forth specifically designated facts. *Id.*

### II. Relation Back Under Trial Rule 15(C)

The Guzoreks' claims sound in negligence. The statute of limitations for negligence claims involving personal injury is found in Indiana Code section 34–11–2–4, which provides that such claims must be commenced within two years after the cause of action accrues. The Guzoreks acknowledge that their amended complaint was filed after the limitations period expired. Nevertheless, the Guzoreks argue that under Trial Rule 15(C) their amended complaint relates back to the date their original timely complaint against Officer Falatic was filed.

■ "Generally, a new defendant to a claim must be added prior to the running of the statute of limitations; however, Trial Rule 15(C) provides an exception to this rule." *Servicemaster Diversified Health Servs., L.P. v. Wiley*, 790 N.E.2d 1056, 1059 (Ind.Ct.App.2003), *trans. denied.* Trial Rule 15(C) states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, the party to be brought in by amendment:
>
> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

We have previously stated that the party seeking to add a new defendant bears the burden of satisfying the criteria set forth in Trial Rule 15(C). *Wiley*, 790 N.E.2d at 1059.

The parties do not dispute that the Guzoreks' amended complaint meets the first requirement of Trial Rule 15(C), that their claim arose out of the same occurrence set forth in their original complaint against Officer Falatic. The issues left for our consideration then are (1) whether PCSD received such notice of the institution of the Guzoreks' action that it would not be prejudiced in maintaining its defense on the merits; and (2) whether PCSD knew or should have known that but for a mistake in identity, the action would have been brought against it.

### A. Notice of the Institution of the Action

■ PCSD first argues that it did not receive timely notice of the institution of the Guzoreks' action. We have previously stated that one of the crucial elements of relation back under Trial Rule 15(C) is notice. *Id.* at 1060. Mere awareness by the party added in the amended pleading that an injury has occurred or that the injured party has retained counsel is insufficient to satisfy the requirements of Trial Rule 15(C). *Id.* Rather, the notice must be such that the added party received either actual or constructive notice of the legal action. *Id.* Notice must be given within the time period provided by law for commencing the action. *Id.* "The purpose behind this notice requirement is to ensure that the defendant will not be prejudiced in maintaining his defense on the merits." *Red Arrow Stables, Ltd. v. Velas-*

*quez,* 725 N.E.2d 110, 113 (Ind.Ct.App. 2000), *trans. denied.*

Guzorek's automobile accident with Officer Falatic occurred on August 11, 2000. The Guzoreks filed their original complaint against Officer Falatic on August 6, 2002, five days before the two-year statute of limitations ran. PCSD was not served with a copy of this complaint before the expiration of the statute of limitations. In his affidavit, Sheriff Reynolds stated that PCSD did not receive notice of the Guzoreks' suit against Officer Falatic until May 29, 2003. Thus, PCSD did not receive actual notice of the institution of the Guzoreks' action until after the statute of limitations had run, nor did they receive notice within one hundred and twenty days after the commencement of the action as provided in Trial Rule 15(C).

■ Nevertheless, the Guzoreks argue that PCSD received timely notice of the institution of their action. They first point out that PCSD received notice of their claim on August 30, 2000, when it was sent a copy of the Guzoreks' tort claim notice. A tort claim notice, though, only informs a governmental entity that an accident has occurred and does not constitute notice of the institution of a legal action. Just because an injured party files a tort claim notice, does not mean that a party will also file a legal action. After investigating a party's tort claim, the State may find that the claim is valid and agree to a settlement with the injured party. Even if the State denies a party's tort claim, the injured party may still choose not to file a legal action. Therefore, PCSD's receipt of the Guzoreks' tort claim notice did not provide it with notice of the institution of the Guzoreks' legal action.

■ The Guzoreks also argue that under the "identity of interest doctrine," notice of the lawsuit to Officer Falatic within the statute of limitations constituted con-

structive notice of the filing of the lawsuit to PCSD. In *Honda Motor Co. v. Parks,* 485 N.E.2d 644 (Ind.Ct.App.1985), Parks, the personal representative of an individual killed in an automobile accident, sued the American Honda Motor Company, a subsidiary, rather than the parent company, Honda Motor Company, Ltd., which had manufactured the car. The trial court, pursuant to Trial Rule 15, allowed Parks to amend her complaint and add Honda Motor Company as a defendant. Honda filed a motion for summary judgment arguing that Parks' claim was barred by the statute of limitations. The trial court denied Honda's motion. On appeal, we first noted that American Honda was a subsidiary corporation of Honda, and that the same counsel represented both parties. *Id.* at 646. We determined that there was "such a close identity of interests" between American Honda and Honda that "for all practical purposes" they may have been "one and the same." *Id.* at 651. We held that the trial court properly denied Honda's motion for summary judgment. *Id.*

*Parks* is distinguishable. Here, we are not dealing with a parent and subsidiary corporation relationship. Officer Falatic is employed by PCSD, but he and PCSD are separate and distinct entities. It is possible for Officer Falatic to be sued without PCSD being involved in any way. The identity of interests between Officer Falatic and PCSD are not so intertwined that they are one and the same. Although Officer Falatic's counsel now represents PCSD, there is no evidence suggesting that this representation commenced prior to the filing of the Guzoreks' amended complaint, and, thus, this would not permit the inference that Officer Falatic and PCSD share an identity of interests. Because Officer Falatic and PCSD do not share identity of interests, notice of the lawsuit to Officer Falatic within the statute of limitations did not constitute construc-

tive notice of the filing of the lawsuit to PCSD. Therefore, PCSD had neither actual nor constructive notice of the institution of the Guzoreks' action within the time period provided by law for commencing the claim.

B. Mistake Concerning the Identity of the Proper Party

■ Even if PCSD had been given timely notice within the meaning of Trial Rule 15 of the institution of the Guzoreks' action, the Guzoreks cannot establish that PCSD knew or should have known that but for a mistake in identity, the action would have been brought against it. On August 30, 2000, the Guzoreks filed a tort claim notice with the Porter County Sheriff. In their tort claim notice, the Guzoreks recognized that Officer Falatic was an employee of PCSD. They also stated that at the time of the accident, Officer Falatic was acting within the course and scope of his employment, and because of this, Porter County would be liable for his negligent actions. Thus, prior to filing their original complaint, the Guzoreks' had all of the information necessary to precipitate an action against PCSD. Furthermore, relying on the information in the Guzoreks' tort claim notice, PCSD could have concluded that the Guzoreks knew that PCSD was a proper party to their action.

Nothing that the Guzoreks subsequently learned through discovery contradicted the information provided in their tort claim notice. In his answer, Officer Falatic stated that at the time of the accident he was employed by Porter County and was acting within the course and scope of his employment. In his answers to interrogatories, Officer Falatic admitted that at the time of the accident he was acting within the scope of his employment with PCSD. He also stated that the vehicle he was driving at the time of the accident was

registered to and insured by PCSD. In his motion for summary judgment, Officer Falatic argued that because he was acting within the scope of his employment at the time of the accident, under Indiana Code section 34–13–3–5, the Guzoreks could not maintain an action against him personally.

The information in the Guzoreks' tort claim notice indicates that before the commencement of litigation, they knew that PCSD was a proper party to their negligence action against Officer Falatic. Despite this, the Guzoreks did not name PCSD as a defendant in their original complaint. The Guzoreks' failure to name PCSD as a defendant in their action before the expiration of the statute of limitations was not a result of mistaken identity, and PCSD would have had no reason to believe otherwise. *See Kuehl v. Hoyle*, 746 N.E.2d 104, 109–10 (Ind.Ct.App.2001) (concluding that where plaintiff had all of the information necessary to institute an action against a party before the commencement of litigation but did not do so before the statute of limitations had run, plaintiff's failure to name the party was not due to mistaken identity and trial court did not abuse its discretion in refusing to allow plaintiff to amend her complaint under Trial Rule 15). Therefore, the Guzoreks have not shown that PCSD knew or should have known that but for a mistake in identity, the action would have been brought against it.

### Conclusion

The trial court erred in allowing the Guzoreks to file their amended complaint. The Guzoreks' amended complaint does not relate back under Trial Rule 15(C) to the date their original complaint against Officer Falatic was filed because PCSD did not receive actual or constructive notice of the institution of the Guzoreks' action within the time period provided by law for commencing the claim, and because the Guzoreks did not establish that PCSD knew or should have known that but for a mistake in identity the action would have been brought against it. Because the Guzoreks' amended complaint does not relate back under Trial Rule 15(C) to the date their original complaint was filed, their claim against PCSD is barred by the statute of limitations provided in Indiana Code section 34–11–2–4. The trial court's order denying PCSD's motion for summary judgment is therefore reversed, and we remand the case to the trial court so that it can enter an order granting PCSD's motion for summary judgment.

Reversed and remanded.

KIRSCH, C.J., and MAY, J., concur.

### ORDER

This Court heretofore on December 21, 2005, handed down its opinion in this case, marked Memorandum Decision, Not for Publication.

Comes now the Appellant, by counsel, and files herein Motion to Publish, alleging that this Court should publish this opinion because the opinion clarifies a rule of law pertaining to relation back of amendments charging the party against whom a claim is asserted under Indiana Trial Rule 15(C). The Appellant further alleges that there are currently no published Indiana appellate court cases analyzing Trial Rule 15(C) in the context of a claim against a police department relating back to a claim against a police officer employed by that department. The Appellant therefore prays this Court to publish its Memorandum Decision of December 21, 2005.

The Court having examined said Motion, having reviewed its opinion in this matter and being duly advised, now finds that the same should be granted.

IT IS THEREFORE ORDERED that the Appellant's Motion to Publish is GRANTED, and this Court's opinion in this appeal heretofore handed down on December 21, 2005, marked Memorandum Decision, Not for Publication, is now ordered published.

All Panel Judges Concur.