Esta A. SEACH and Raymond T. Seach, individually and as parents and natural guardians of Daniel T. Seach, a minor, Appellants–Plaintiffs,

v.

Deborah ARMBRUSTER, Appellee–Defendant,

Galen Hospital Corporation, Inc., d/b/a Columbia Women's Hospital of Indianapolis, Deanna Floyd, Kathryn Nussel and Currently Unidentified Attending Nurses Jane Does Numbers One and Two, Nominal Appellees–Defendants.

No. 49A04–9907–CV–309.

Court of Appeals of Indiana.

March 9, 2000.

Raymond T. Seach, Esta A. Seach, Fishers, Indiana, Appellants Pro Se.

Julia Blackwell Gelinas, David S. Allen, Locke Reynolds LLP, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge

Appellant, Esta A. Seach and Raymond T. Seach, individually and as parents and natural guardians of Daniel T. Seach, a minor (collectively "Seaches") appeal the trial court's entry of partial summary judgment for Appellee, Deborah Armbruster (Armbruster).

■ Upon appeal, the Seaches present five issues for our review, which we consolidate and restate as whether the trial court properly granted Armbruster's motion for partial summary judgment based upon the Seaches' failure to name Armbruster as a defendant within the two-year statute of limitations.[1]

The facts most favorable to the trial court's ruling reveal that on May 10, 1995, Esta Seach was admitted to the Women's Hospital of Indianapolis (Hospital) for the purpose of giving birth to the Seaches' son, Daniel. Armbruster was employed by the Hospital until her resignation in August of 1995, and had assisted as a labor and delivery nurse for the birth of Daniel. Soon after Daniel's May 10, 1995 birth, it was discovered that Esta Seach had sustained femoral nerve injuries to her right leg.

On April 29, 1997, the Seaches filed their initial complaint alleging negligence against the Hospital, several doctors, a nurse identified as Deanna Floyd, and "[c]urrently unidentified attending nurses Jane Does numbers one and two." Record at 24. On June 3, 1997, the Seaches filed their First Amended Complaint for Damages and named Armbruster as a defendant for the first time. On June 10, 1997, Armbruster filed her Answer to Plaintiffs' First Amended Complaint. The Seaches filed a Second Amended Complaint on January 5, 1998. On February 11, 1998, Armbruster filed her Answer to Second Amended Complaint and asserted as an Affirmative Defense that the Seaches' individual actions against her were barred by the statute of limitations because she was not notified within two years from the date the alleged injury occurred.

■ On June 9, 1998, Armbruster filed her motion for summary judgment requesting the trial court to dismiss the claims of Esta A. Seach and Raymond T. Seach, individually. On May 19, 1999, the trial court granted Armbruster's motion for summary judgment with regard to Esta Seach's claims for damages based upon the alleged femoral nerve injuries to her legs. On May 24, 1999, Armbruster filed a motion requesting that the trial court clarify the May 19, 1999 order granting partial summary judgment. On June 7, 1999, the trial court clarified the previous order and granted Armbruster's motion for summary judgment regarding "Esta A. Seach's claim for femoral nerve injuries to her right leg ... Raymond T. Seach's claim for the loss of the services of his wife, Esta A. Seach, arising from the femoral nerve injuries to Esta Seach's right leg ... [and] Raymond T. Seach and Esta A. Seach's respective claims for the loss of the services of their son, Daniel T. Seach, a minor."[2] Record at 583.

---

1. Appellants' Brief contains numerous extraneous references. The Seaches' failure to limit their brief to facts relevant to the issues presented hindered resolution of the issues.

2. Appellants contend that the trial court erred by granting summary judgment on the respective claims of the Seaches for the loss of services of their son, Daniel Seach, because Armbruster's motion for summary judgment specifically stated that "[d]efendant does not move for summary judgment as to the claim of Esta A. Seach and Raymond T. Seach, as parents and natural guardians of Daniel T.

Seach, a minor." Record at 72. Therefore, to the extent that Plaintiffs' Second Amended Complaint includes a claim for injuries or damages sustained by Daniel, that claim remains viable and was not resolved by the summary judgment here appealed. Because Daniel, a minor, may not bring a claim in his own name, the claim must be filed on his behalf by his parent and natural guardians. However, the Seaches' claims for the loss of services of their son are individual claims and not claims made as parents and natural guardians of Daniel T. Seach and were appro-

The Seaches assert that Armbruster's statute of limitations defense was not presented in her first responsive pleading. They then impliedly, and without citation to authority, deduce that the defense must therefore fail. They are in error. *Honeywell, Inc. v. Wilson* (1986) Ind.App., 500 N.E.2d 1251.

The Seaches next contend that summary judgment on the basis of the statute of limitations was inappropriate because when they amended their complaint to include Armbruster as a defendant, the amended complaint related back to the date of the original complaint pursuant to Ind. Trial Rule 15(C).

Indiana Trial Rule 15(C) provides in pertinent part:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Neither party disputes that the claims asserted in the Seaches' amended complaint arose out of the same occurrence set forth in the original complaint; thus, meeting the first condition of T.R. 15(C). The Seaches, however, maintain that Armbruster had actual notice of the filing of the original complaint because the initial complaint was timely filed and served upon Armbruster's former employer, insurer, and attorney. In the alternative, they argue that even though Armbruster left the Hospital's employ shortly after the claims arose, but a year and a half before the original complaint was filed, Armbruster had sufficient constructive notice of the lawsuit from its inception so that the amended complaint related back. Thus, the Seaches contend that because Armbruster is represented by the same attorney and insured by the same carrier as the Hospital, she either knew or had reason to know that she was an intended defendant.

We first note that "[t]he claimant bears the burden to bring suit against the proper party within the statute of limitations." *Wathen v. Greencastle Skate Place, Inc.* (1993) Ind.App., 606 N.E.2d 887, 894. In this case, the Seaches filed their first amended complaint naming Armbruster as a defendant on June 3, 1997, almost one month after the two-year time limitation had expired. Having failed to name Armbruster within the time limitation, the Seaches then bore the burden of proving that Armbruster either had notice that the complaint had been filed or knew or should have known that except for a mistake concerning her identity, she would have been a named defendant. *Wabash Grain, Inc. v. Smith* (1998) Ind.App., 700 N.E.2d 234, 239, *trans. denied.*

Here, Armbruster properly designated materials to the trial court which included a transcript of the deposition she gave on April 16, 1998, during which she stated that she did not know of the lawsuit or that she was an intended defendant until she received a summons and a copy of the complaint by registered mail on June 5, 1997. Armbruster's supporting affidavit essentially restated that she had no knowl-

priately included in the trial court's order. *See State v. Eaton* (1995) Ind.App., 659 N.E.2d 232, 237, *trans. denied* (stating that "[t]he wrongful act by which a minor child is injured gives rise to two causes of action: one in favor of the injured child for personal injuries, and the other in favor of a parent for loss of services").

edge of the Seaches' claims until she received the summons. The Seaches, on the other hand, have failed to designate any evidence which controverts Armbruster's assertions and would create a genuine issue of material fact necessary to defeat the motion for summary judgment.[3]

In a related context, the Seaches assert that under the identity of interests doctrine, notice of the lawsuit to the Hospital, the Hospital's and Armbruster's attorney and insurer, within the statute of limitations, constituted constructive notice of the filing of the lawsuit. In *Honda Motor Co., Ltd. v. Parks* (1985) Ind.App., 485 N.E.2d 644, *reh'g denied,* the personal representative of a person killed in an automobile accident sued the American Honda Motor Co., a subsidiary, rather than the parent company, Honda Motor Co., Ltd., which had actually manufactured the automobile. We concluded that there was "such a close identity of interests" between the two corporations that "for all practical purposes," they may have been "one and the same." *Id.* at 651. Therefore, we held that there existed a genuine issue of material fact such that summary judgment was not appropriate.

In the instant case, Armbruster had left her employment with the Hospital within four months of the alleged injury. The attorney representing the Hospital did not represent her until she received the notice of this lawsuit. Simply because the insurer and attorney involved here represent all the individuals is not ample evidence from which to infer that the identity of the interests are sufficiently intertwined so that they are one and the same. Rather, common sense allows us to infer that because Armbruster was working within the scope of her employment when the injury occurred, once she received notice of the lawsuit, the Hospital and insurer would provide representation for her. She would, therefore, have the same representation as the Hospital and any "identity of interests" present in this case would have occurred subsequent to the lawsuit instead of preceding the lawsuit.[4] We hold, therefore, that the trial court was correct in denying relation back and granting summary judgment.

The judgment is affirmed.

STATON, J., and BAKER, J., concur.

---

**3.** The Seaches designate voluminous evidence in an attempt to convince us that the attorney representing the Hospital, Armbruster, and other defendants knew that Armbruster was an intended defendant. However, all the evidence relates only factual issues regarding the other defendants. There is not a single designation that would enable us to conclude that Armbruster had notice of the lawsuit. The Seaches' belief that in the normal course of events, the Hospital or the attorney would have notified Armbruster that the lawsuit had been filed, is not sufficient. *Conard v. Waugh* (1985) Ind.App., 474 N.E.2d 130, 135.

Furthermore, the Seaches point to the investigation that the Hospital conducted "in anticipation of litigation" as proof that the Hospital must have known that Armbruster was involved. Appellant's Brief at 8. However, it was not the Hospital's responsibility to put Armbruster on notice that a lawsuit might be filed, but the Seaches' responsibility to name the proper party when they filed their lawsuit. We also note that the injuries allegedly occurred on May 10, 1995, and the Seaches did not file their lawsuit until April 29, 1997. Thus, the Seaches could have filed their lawsuit well within the statute of limitations and during discovery, the Hospital would have been required to disclose the names of the unidentified nurses.

**4.** We further note that T.R. 15(C)(2) provides that relation back is appropriate if a party knows that "but for a mistake concerning the identity of the proper party," the action would have been instituted against her. Here, the Seaches did not sue the wrong person, they simply did not know Armbruster's name. There was no mistake as T.R. 15(C)(2) requires.