ATTORNEY FOR APPELLANT
Sharon L. Stanzione
Merrillville, Indiana

ATTORNEYS FOR APPELLEES
Benjamen W. Murphy
Merrillville, Indiana

Walter J. Alvarez
Crown Point, Indiana

# In the
# Indiana Supreme Court

No. 46S03-0606-CV-207

PORTER COUNTY SHERIFF DEPARTMENT,

*Appellant (Defendant below),*

v.

RITA J. AND DOUGLAS GUZOREK,

*Appellees (Plaintiffs below).*

Appeal from the LaPorte Circuit Court, No. 46C01-0405-CT-144
The Honorable Robert W. Gilmore, Jr., Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 46A03-0505-CV-211

**November 28, 2006**

**Boehm, Justice.**

The plaintiff originally sued an officer of the sheriffs' department for negligence in the course of his duties. We hold that on the facts of this case an amended complaint adding the sheriffs' department as a defendant relates back to the date of the original complaint and is therefore not barred by the statute of limitations if the original action was timely filed.

## Facts and Procedural History

On August 11, 2000, a Porter County Sheriff Department (PCSD) vehicle driven by Officer Joseph R. Falatic struck Rita J. Guzorek's vehicle from behind while she was stopped at a stop sign. At the time of the collision, Officer Falatic was returning from a response to a residential alarm.

Nineteen days later, on August 30, 2000, Guzorek's attorney sent a Tort Claims Act notice to the Indiana Political Subdivision Risk Management Commission, the Porter County Sheriff, the Porter County Attorney, the Porter County Commissioners, and the Porter County Council. The notice stated that at the time of the collision Officer Falatic "was acting within the course and scope of his employment so as to make Porter County liable for the negligence of its employees." The notice also indicated that Guzorek's damages would not exceed $300,000.

On August 6, 2002, five days before expiration of the two-year statute of limitations, Guzorek and her husband filed a complaint naming Falatic as the only defendant. The complaint did not mention PCSD or Falatic's employment with PCSD. Falatic filed his answer on June 2, 2003 stating that at the time of the accident he was employed by Porter County and was acting within the course and scope of his employment. Falatic asserted as an affirmative defense that the complaint failed to allege any of the conditions listed in the Tort Claims Act that would permit an action to proceed against an employee of a government entity in the employee's individual capacity. See I.C. § 34-13-3-5(b) (2004). Falatic subsequently moved for summary judgment on the basis that he had no personal liability.

While Falatic's motion for summary judgment was pending, the Guzoreks moved for leave to amend the complaint to add PCSD as a defendant. The trial court granted Falatic's motion for summary judgment on February 23, 2004. Three days later, the Guzoreks' motion for leave to amend the complaint was granted and the amended complaint against PCSD was filed. PCSD then appeared, represented by the same counsel who had represented Falatic, and moved for summary judgment, contending that the amended complaint did not relate back to the original complaint under Indiana Trial Rule 15(C) and that the claim against PCSD was therefore barred by the two-year statute of limitations. The trial court denied PCSD's motion but certified its order for interlocutory appeal. The Court of Appeals reversed and directed that summary

2

judgment be granted in favor of PCSD. Porter County Sheriff Dep't v. Guzorek, 841 N.E.2d 1158 (2005). We granted transfer. 855 N.E.2d 1010 (Ind. 2006).

**Relation Back of Amendments Under Indiana Trial Rule 15(C)**

The statute of limitations applicable to Guzorek's personal injury claim is two years. I.C. § 34-11-2-4. The Guzoreks did not file their amended complaint naming PCSD as a defendant until February 26, 2004, approximately eighteen months after the limitations period had run. Therefore, in order to survive summary judgment, the claim against PCSD must relate back to the date of filing of the original complaint.

A. *The Evolution of Trial Rule 15(C) and its Federal Counterpart*

Trial Rule 15(C) sets forth three requirements for an amended complaint changing the party against whom a claim is asserted to relate back to the date of the original complaint. A threshold requirement is that the claim asserted in the amended complaint must arise "out of the conduct, transaction, or occurrence set forth" in the original complaint. There is no dispute that this requirement is met in this case. The rule further requires that:

> within 120 days of commencement of the action, the party to be brought in by the amendment:
>
> > (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
> >
> > (2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Indiana Trial Rule 15(C) is for this purpose identical to the current version of Rule 15(c) of the Federal Rules of Civil Procedure (FRCP).[1] FRCP 15(c) as originally promulgated in 1938

---

[1] Fed. R. Civ. P. 15(c) provides:
> An amendment of a pleading relates back to the date of the original pleading when
> . . .
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment

3

stated simply: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." See Harold S. Lewis, Jr., The Excessive History of Federal Rule 15(c) and Its Lessons for Civil Rules Revision, 85 Mich. L. Rev. 1507, 1513-14 (1987). In 1966, FRCP 15(c) was amended to include the requirements of notice to the defendant and mistake by the plaintiff "within the period provided by law for commencing the action against him." Fed. R. Civ. P. 15 advisory committee's note (1966 amendments). When Indiana adopted Trial Rule 15 in 1970, Indiana modeled its original Trial Rule 15(C) on this post-1966 version of the federal rule. See Ind. Civil Code Study Commission, Indiana Rules of Civil Procedure: Proposed Final Draft (1968). Subsequent amendments to the Indiana rule have conformed to changes in the federal rule. We agree with the Court of Appeals's conclusion that it is therefore appropriate to consider federal authorities as guidelines in interpreting and applying the Indiana rule. Honda Motor Co. v. Parks, 485 N.E.2d 644, 649 (Ind. Ct. App. 1985).

Judicial decisions addressing the issue of relation back made clear that the "within the period provided by law" language of the 1966 amendment describing the deadline by which the notice and knowledge requirements must be satisfied referred to the applicable statute of limitations period. Schiavone v. Fortune, 477 U.S. 21, 30 (1987). Consequently, earlier cases were resolved by finding that whatever "sufficient notice" meant it had to be given to the added defendant prior to the expiration of the statute of limitations. This was thought to produce harsh results, particularly in cases where the initial complaint was filed on the eve of expiration of the limitations period. As Justice Stevens pointed out, timely service of process can be effected after the statute of limitations has run, so requiring notice before the statute had run entitled a defendant added by amendment to earlier notice than it would have received if the original complaint had named the party correctly. Schiavone, 477 U.S. at 37 (Stevens, J., dissenting). To address this problem, FRCP 15(c) was amended in 1991 to substitute the current language, which permits the "notice" and "mistake" requirements to be met during the period allowed for service

(A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

and summons of the pleading under FRCP 4(m), which is 120 days. Effective April 1, 2002, Indiana adopted the substance of this change by explicitly providing for a 120-day period for notice and mistake rather than describing this time by reference to the period for service of process.

The net result is that in order for an amendment of a complaint to relate back under Trial Rule 15(C), no later than 120 days after the complaint is filed a defendant must receive notice of the pendency of the action and be aware that, but for a mistake, that defendant would have been named in the original complaint. This doctrine of relation back under current Indiana Trial Rule 15(C) seeks to strike the proper balance between the basic goal of the Trial Rules to promote decisions on the merits and the policies underlying statutes of limitations, the most significant of which are to provide fairness and finality to defendants. The rule therefore liberally allows amendments of pleadings but also seeks to ensure that defendants "receive notice of claims within a reasonable time, and thus are not impaired in their defense by evidence that is lost or diminished in its clarity because of the undue passage of time." Olech v. Vill. of Willowbrook, 138 F. Supp. 2d 1036, 1041 (N.D. Ill. 2000); see also William F. Harvey, 2 Indiana Practice: Rules of Procedure Annotated § 15.7, at 70 (3d ed. 2000); Lewis, supra, at 1512.

As applied to this case, the issue becomes whether, within 120 days after the original complaint was filed, PCSD was on notice of the lawsuit against Falatic and was aware that but for a mistake PCSD should have been named as a defendant.

B. *Notice to the Substituted or Added Defendant*

Trial Rule 15(C) requires that in order for an amended complaint "changing" the defendant to relate back the party to be added must have "received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits." Czarnecki v. Lear Siegler, Inc., 471 N.E.2d 299, 300 (Ind. 1984); Red Arrow Stables, Ltd. v. Velasquez, 725 N.E.2d 110, 113 (Ind. Ct. App. 2000). "Changing" a defendant can take place either by substitution or addition of a new defendant. State ex rel. Young v. Noble Circuit Court, 263 Ind. 353, 359, 332 N.E.2d 99, 102 (1975). Although Trial Rule 15(C) does not require service of process on the new defendant, notice of the pending of the claim must be such that the added party received either actual or constructive notice of the legal action. It is not sufficient that the

5

party is on notice that an injury has occurred or that the plaintiff has retained counsel. ServiceMaster Diversified Health Servs., L.P. v. Wiley, 790 N.E.2d 1056, 1060 (Ind. Ct. App. 2003), trans. denied. Thus, the Court of Appeals correctly held that the tort claim notice sent to PCSD by the Guzoreks did not satisfy Trial Rule 15(C) because it informed PCSD of the accident but did not advise that a lawsuit had been filed.

Notice of the lawsuit may be actual notice or constructive notice, which may be inferred based on either the identity of interest between the old and new parties or the fact that they share attorneys. An identity of interest may permit notice to be imputed to the added party when the original and added party "are so closely related in business or other activities that it is fair to presume that the added part[y] learned of the institution of the action shortly after it was commenced." Honda Motor Co., 485 N.E.2d at 650 (quoting Hernandez Jimenez v. Calero Toledo, 604 F.2d 99, 102-03 (1st Cir. 1979)). Similarly, notice may be imputed based on shared legal counsel if it is reasonable to infer that the attorney for the initial party will have communicated to the added party that he, she or it may be joined in the action. 3-15 Moore's Federal Practice—Civil §15-19[3][c] (2006).

The Court of Appeals declined to find notice under either theory, concluding that, despite the employment relationship between Falatic and PCSD and their shared counsel, the two are separate and distinct entities. The Court of Appeals noted that Falatic could be sued without PCSD's involvement in any way. The Court of Appeals also found no evidence suggesting that the two parties shared representation before the Guzoreks' filed their amended complaint. Guzorek, 1158 N.E.2d at 1163. We think this characterization of PCSD's relationship with Falatic ignores the point that the Tort Claims Act imposed a statutory duty on PCSD to provide counsel for Falatic. Indiana Code section 34-13-3-5(e) provides:

> The governmental entity shall provide counsel for and pay all costs and fees incurred by or on behalf of an employee in defense of a claim or suit for a loss occurring because of acts or omissions within the scope of the employee's employment, regardless of whether the employee can or cannot be held personally liable for the loss.

Given that PCSD was required to defend Falatic, it seems fair, indeed obvious, to infer that PCSD was aware of the claim against Falatic from the outset. This conclusion is, of course,

6

fortified by PCSD's appearance via the same counsel. Either of these may be sufficient to find notice to PCSD under some circumstances, but in concert they are conclusive under the facts of this case.

PCSD cites two cases it claims show that notice should not be imputed to PCSD based on either an identity of interest or shared counsel theory. First, PCSD relies on Wiley for the proposition that the employment relationship alone is insufficient to find an identity of interest. 790 N.E.2d at 1060 (Ind. Ct. App. 2003). Wiley, however, does not stand for such a general principle. Rather, Wiley holds that there is no identity of interest between the two defendants when the record reveals only an agreement between the two defendants calling for one to supply management services to the other. In Wiley, the plaintiff had been fired from his position as a nursing assistant at a medical center. Id. at 1058. The plaintiff initially filed suit against Metro, the owner of the medical center. BEP, the defendant to be added by amendment, had contracted with Metro to provide management services to the center in the form of one on-site administrator who was "responsible for the functional operation of the facility and the execution on a day-to-day basis of policies established by either the manager or Metro." Id. The court refused to impute notice to BEP on the theory that one BEP employee worked at Metro when the lawsuit commenced and "presumably" received notice. Id. at 1060. There was no identity of interest between the two; indeed they may have been adverse. Moreover, BEP had no duty to defend Metro at the time when notice would have needed to be imputed in order to satisfy Trial Rule 15(C)'s notice requirement. Id.

PCSD also relies on Seach v. Armbruster, 725 N.E.2d 875 (Ind. Ct. App. 2000), a medical malpractice case initially filed against a hospital. The Court of Appeals declined to find an identity of interest between the original defendant hospital and the added defendant nurse where the nurse had left the employ of the hospital shortly after the incident and over a year before the original complaint was filed. The court reasoned that the attorney representing the hospital did not represent the nurse until the nurse received notice of the lawsuit through the amended complaint. Id. at 879. Because the nurse was acting within the scope of her employment when the injury occurred, it was not unusual that the hospital would provide representation for her once she was named as a defendant. But that fact did not suggest that the

7

nurse was represented by the attorney before she was named as a defendant. Nor did it suggest that the complainant mistakenly named the hospital rather than the nurse.

The statutory duty of a government entity to provide representation for its employees creates a much stronger unity of interest than the contractual agreement between two separate corporate entities in Wiley. And this case presents the obverse of Seach, which tried to impute notice to a former employee based on a suit against the employer. Plaintiffs here seek to impute notice to the employer (PCSD) based on their suit against its current individual employee (Falatic). In order for Falatic to receive the representation to which he was entitled, he necessarily had to inform PCSD of the lawsuit. Inferring notice to a former employee when the employer is sued is a much greater stretch than inferring notice to the employer (PCSD) when its current employee is sued.

The purpose behind the notice requirement is to ensure that the defendant will not be prejudiced in maintaining its defense on the merits. Red Arrow Stables, 725 N.E.2d at 113. There is no question that PCSD, as indemnitor of Falatic, had an immediate incentive to marshal the facts and evaluate Falatic's defense. PCSD suggests that the loss of the statute of limitations defense is enough to establish prejudice. However, "loss of the statute of limitations defense is not the loss of a defense on the merits as contemplated by T.R. 15(C)." Soley v. VanKeppel, 656 N.E.2d 508, 511 (Ind. Ct. App. 1995). Rather, "demonstrating prejudice requires the party seeking dismissal of the amended complaint to show that it was unfairly denied the opportunity to present facts or evidence which it would have presented had the amendments been timely." Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 461 (3d Cir. 1996). Relation back is meaningful only if the statute of limitations had run before the new party was added. If loss of a limitations defense were sufficient to establish prejudice, Trial Rule 15(C)'s explicit extension of the statutory period would serve no purpose. No amendment changing the party after the statute of limitations had expired could ever relate back because the added defendant would always be able to claim prejudice.

In summary, PCSD was required to indemnify Falatic, and counsel for PCSD filed Falatic's initial response to the Guzoreks' complaint. Under these circumstances, notice to PCSD of the lawsuit is fairly inferred.

8

C. *Knowledge of Mistake Requirement*

In order for an amended complaint naming a new party filed after the expiration of the statute of limitations to relate back to the date of the original complaint, the added party must have known or "should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him." T.R. 15(C)(2). The language of this mistake requirement, which originally appeared in FRCP 15(c) in 1966, was adopted in response to several cases that had been dismissed where the plaintiffs, unaware of the technical requirements of the law, had mistakenly named an institution rather than the proper individual defendants, notably the Department of Health, Education, and Welfare or the nonexistent "Federal Security Administration" rather than the Secretary of Health, Education, and Welfare. Fed. R. Civ. P. 15 advisory committee's note (1966 amendments) ("The policy of the statute limiting the time for suit against the Secretary of HEW would not have been offended by allowing relation back . . . . [T]o deny relation back [in these circumstances] is to defeat unjustly the claimant's opportunity to prove his case."). Under the current version of Rule 15(C), courts have found the mistake requirement to be satisfied in instances involving both mistakes of fact and mistakes of law. 3-15 Ind. Pleading & Practice with Forms § 15.14 (2005). This is most clearly demonstrated by federal cases allowing relation back where plaintiffs pursuing § 1983 claims had incorrectly named immune institutional entities rather than individual defendants. See, e.g., Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 560 (7th Cir. 1996); Woods v. IUPUI, 996 F.2d 880, 886-87 (7th Cir. 1993). "The 'mistake' condition does not isolate a specific type or form of error in identifying parties, but rather is concerned fundamentally with the new party's awareness that failure to join it was error rather than a deliberate strategy." In re Integrated Res. Real Estate Ltd. P'ship Sec. Litig., 815 F. Supp. 620, 644 (S.D.N.Y. 1993). Contrary to the suggestion of the dissent, the Rule is not limited to misnomers: "In view of the history of the application of Rule 15(c), the phrase 'a mistake concerning the identity of the proper party' should clearly not be read to limit its usefulness to cases of misnomer." Id. (citing 3 Moore's Federal Practice § 15-15[4.-2] at 15-167 (1992)). Specifically, a mistake of applicable law can constitute a "mistake" as that term is used in Trial Rule 15(C). See, e.g., Donald, 95 F.3d at 560 ("[A] legal mistake suffices to bring the amendment within the purview of Rule 15(c).").

9

Relying on <u>Kuehl v. Hoyle</u>, 746 N.E.2d 104, 109-10 (Ind. Ct. App. 2001), the Court of Appeals held that the Guzoreks' failure to name PCSD as a defendant in their action before the expiration of the statute of limitations was not a result of mistaken identity, and PCSD would have had no reason to believe otherwise, because at the time the Guzoreks filed their original complaint they had all of the information necessary to sue PCSD. <u>Guzorek</u>, 1158 N.E.2d at 1163-64. In <u>Kuehl</u>, the plaintiff passenger was injured when the car in which she was riding was struck by a car driven by James Hoyle but owned by Homer Somerville. The plaintiff sued Hoyle and eight years after the statute of limitations had run attempted to add Somerville as a defendant. The plaintiff asserted Somerville had failed to maintain the vehicle based on Hoyle's claim that the brakes failed at the time of the accident. <u>Kuehl</u>, 746 N.E.2d at 109. The Court of Appeals reasoned that the question of brake performance had been documented as early as the original police report from the accident, so it was reasonable for Somerville to assume that the plaintiff had made a strategic choice to pursue a negligence claim against Hoyle. Somerville therefore had no reason to believe that but for a "mistake" he would have been named in the original complaint. <u>Id.</u> at 109-10.

We agree that where there is a basis for the plaintiff to assert liability against the party named in a complaint, and there is no reason for another party to believe that the plaintiff did anything other than make a deliberate choice between potential defendants, the mistake requirement is not met. But the facts in this case do not support PCSD's reasonable belief that it had been deliberately omitted as part of the plaintiffs' legal strategy. The Indiana Tort Claims Act clearly provided Officer Falatic with immunity from liability for losses that resulted from acts within the scope of his employment, and the Guzoreks alleged that Falatic was acting within that scope. It is not a reasonable assumption that an opponent's legal strategy was to sue a party who was provided immunity by statute and to omit the party designated as the proper defendant.

The dissent characterizes the Guzoreks' decision to sue the individual officer rather than the sheriff's department as a legal or tactical choice. The Chief Justice cites several cases supporting the well-founded proposition that when a party makes a conscious choice of whom to sue, that party cannot seek to add another party under 15(C) after the statute of limitations period had run. We agree that such a choice cannot be considered a mistake under Rule 15(C). <u>See</u> <u>Nelson v. Adams USA, Inc.</u>, 529 U.S. 460, 467 n.1 (2000) (noting that the initial decision to

10

assert its claim for costs and fees against corporation and not its sole shareholder and president was a tactical choice and subsequent amendment did not relate back because there was no "mistake" as that term is used in FRCP 15(c)); Rendall-Speranza v. Nassim, 107 F.3d 913, 919 (D.C. Cir. 1997) (characterizing the decision of an employee to sue only her supervisor as a tactical choice and rejecting the argument that an amendment adding employer related back to the original complaint); Cornwell v. Robinson, 23 F.3d 694, 705 (2d Cir. 1994) (finding that the plaintiff's decision to sue employer and various directors and not include other supervisors and co-workers as a tactical choice because she "was not required to sue them").

The cases the dissent cites are markedly different from the present one. None involves a suit against a clearly immune party and all involve a rational decision to sue one party and not another. The dissent points out that in some circumstances a claimant may choose to sue an individual employee rather than the government to avoid contending with the contributory negligence rule that governs Tort Claims Act suits against government units. Avoiding contributory negligence by suing the individual may be a sensible decision if there is a genuine issue as to a public employee's scope of employment. But in this case there is no plausible basis to conclude that Officer Falatic was outside the scope of his employment when he collided with the plaintiff. He was, as noted, returning to his post from a run responding to an alarm. On these facts a suit against the officer was dead on arrival, and the government unit that defended the officer obviously knew that or should have known it. Such a mistake of applicable law—suing the agency that is immune instead of the secretary who is not—is precisely the situation that gave rise to Rule 15(c) in 1966.

## Conclusion

The order of the trial court denying PCSD's motion for summary judgment is affirmed.

Dickson and Rucker, JJ., concur.

Shepard, C.J., dissents with separate opinion in which Sullivan, J., concurs.

11

**Shepard, Chief Justice, dissenting.**

Justice Boehm has properly rejected Porter County Sheriff's Department's various claims about timing and failure of notice under Rule 15(c).

His assessment of what constitutes a "mistake of identity," however, is against the weight of federal and Indiana authority. I see no reason why Indiana should be an outlier on this question, and the majority opinion does not undertake to provide a reason for placing us against the mainstream.

Rule 15(c) requires that the added defendant "knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him." Ind. Trial Rule 15(c)(2). When the United States Supreme Court added this provision in 1966 to the federal rules, its Civil Rules Advisory Committee of the Judicial Conference indicated that the object was to allow a claimant "to correct a misnomer or misdescription of a defendant" after the statute of limitations has run. Fed. R. Civ. P. 15 advisory committee's note (1966 amendments).

A recent review of the judicial decisions about this provision over the intervening forty years concluded that courts have sanctioned relation back under circumstances consistent with the Advisory Committee's declared objective, that is, only for "literal mistakes" of name or identity, "misnomers or misdescriptions." Rebecca S. Engrav, <u>Relation Back of Amendments Naming Previously Unnamed Defendants Under Federal Rules of Civil Procedure</u>, 89 Cal. L. Rev. 1549, 1564 (2001). Such Indiana case law as exists is consistent with this objective. For example, we have held that Rule 15(c) allows relation back to correct spellings of names or companies, or to correct a mistaken belief about who owns a particular company. <u>See, e.g.,</u> <u>Waldron v. Wilson</u>, 532 N.E.2d 1154 (Ind. 1989) (allowing relation back where complaint named individual owners of farm instead of newly-named farm corporation due to mistake about owner identity).

By contrast, it has been hornbook law that where there is no mistake of name or identity, but someone simply <u>chooses</u> to sue another party, relation back will generally not be permitted.

61B Am. Jur. 2d Pleading § 869 (2006). The hornbook view tracks, as hornbooks usually do, the prevailing case law of the federal circuits and the U.S. Supreme Court. See, e.g., Nelson v. Adams, 529 U.S. 460, 467-68 (2000) (no mistake of identity, but instead, choice not to sue); Cornwell v. Robinson, 23 F.3d 694, 705 (2nd Cir. 1994) (exclusion "matter of choice, not mistake"); Louisiana-Pacific Corp. v. Asarco, Inc., 5 F.3d 431, 434 (9th Cir. 1993) ("no mistake of identity, but rather a conscious choice of whom to sue").

Our own precedent has followed this federal view. See, e.g., Kuehl v. Hoyle, 746 N.E.2d 104 (Ind. Ct. App. 2001). In Kuehl, the court held that Kuehl failed to satisfy the mistake of identity requirement, noting "all of the information necessary to precipitate Kuehl's action against Somerville was available before the commencement of the litigation." Id. at 109. Kuehl's only mistake was failing to bring suit before the statute of limitations had run, but this mistake was not due to mistaken identity. Id. at 110.

Justice Boehm's opinion thus swims upstream against both federal and Indiana authority about the meaning of "mistake of identity" by sweeping within Rule 15(c) any mistake, including legal bad calls about who among multiple possible defendants might be liable. His opinion acknowledges the principle that where a party makes a "deliberate choice between potential defendants, the mistake requirement is not met," but does not apply this principle to the facts before us. Justice Boehm reasons that the Guzoreks could not have deliberately planned "to sue an immune party who was provided immunity by statute and to omit the party designated as the proper defendant." In effect, this focuses on the idea that the Guzoreks made a legal mistake that could be remedied by Rule 15(c). Under such reasoning, virtually everyone who chooses to name a given defendant and later finds the choice an unhappy one could lay legitimate claim to "mistake of identity."

Whether that be true or untrue, the inquiry under Rule 15(c) does not focus on whether the claimant's lawyer botched the job, but rather whether the party sought to be added after the statute of limitations "knew or should have known that but for a mistake concerning the identity of the proper party" he, she, or it would have been sued in the first place. On this point, the majority opinion deals with the facts summarily and gets them wrong.

2

To be sure, the Sheriff's Department knew that the Guzoreks were fully aware of Officer Falatic's position with the Sheriff's Department, of the Department's identity, and of the Department's potential liability. The Department knew all this just nineteen days after the accident, because on August 30, 2000, the Guzoreks' attorney sent a Tort Claims Act notice to the Indiana Political Subdivision Risk Management Commission, the Porter County Sheriff's Department, the Porter County Attorney, the Porter County Commissioners, and the Porter County Council. The notice stated in straightforward terms that at the time of the accident Officer Falatic "was acting within the course and scope of his employment so as to make Porter County liable for the negligence of its employees . . . ." (Appellant's App. at 39.) This notice demonstrates that the Guzoreks' lawyer clearly had all the information about <u>identity</u> necessary to file suit against Porter County Sheriff's Department as early as August 30, 2000.

Nearly two years after the Guzoreks served the Sheriff's Department with a Tort Claims Notice, the Guzoreks' lawyer filed a complaint against Falatic in the LaPorte Circuit Court. The complaint did not identify Falatic as a police officer, but instead as "Joseph R. Falatic." (<u>Id.</u> at 3-4.) The complaint did not mention Falatic's occupation, nor did it mention Porter County Sheriff's Department. Despite the Guzoreks' knowledge of Falatic's occupation and of the Sheriff's Department's potential liability, the complaint was silent.

What was the Department to make of the complaint? There are a variety of circumstances under which the Tort Claims Act does <u>not</u> protect public employees. Ind. Code § 34-13-3-5 (2006). Having received the Tort Claims Notice that claimed Officer Falatic was acting within the scope of his employment and then receiving a complaint that did not even mention his employment, they could plausibly conclude that Plaintiffs' counsel, having had two years to develop the facts and legal theories, had chosen to sue Falatic the individual.

Would any claimant's lawyer <u>ever</u> choose to seek recompense against the individual rather than from the government?

We do not know much about the facts of this case. We do know, however, that depending on the extent of the injuries, a claimant might have a better chance of obtaining a judgment against a public employee personally. Not having to contend with the contributory negligence rule is one obvious example. See Funston v. School Town of Munster, 849 N.E.2d 595, 598 (Ind. 2006) ("common law defense of contributory negligence remains applicable for governmental defendants").

The weight of authority is that such events are not "mistakes of identity." The only mistake here, if there was one, was a legal mistake about potential liability that is not properly remedied by Rule 15(c). Rendall-Speranza v. Nassim, 107 F.3d 913, 918 (D.C. Cir. 1997) ("an error of judgment about whether an employer is liable for the act of its employee is not 'a mistake' within the intendment of Rule 15(c)") (emphasis added); see also, Engrav, supra, at 1587 ("When it seems likely that the plaintiff knew the additional defendant existed but failed to name it either through carelessness or because of poor legal advice, courts are likely to deny relation back."). The apparently contrary case cited by Justice Boehm, Donald v. Cook County Sheriff's Dep't, 95 F.3d 548 (7th Cir. 1996), involved a lawsuit by a pro se prisoner, and the court explicitly declared that it chose not to apply the regular requirements of the rule. Id. at 555, 559-60.

Rule 15(c) was amended to allow relation back where a plaintiff's honest error results in a mistake of identity. Rule 15(c) was not intended to save parties from the legal or tactical choices made by their lawyers.

Sullivan, J., concurs.

4