ATTORNEY FOR APPELLANT
Sharon L. Stanzione
Merrillville, Indiana

ATTORNEYS FOR APPELLEES
Benjamen W. Murphy
Merrillville, Indiana

Walter J. Alvarez
Crown Point, Indiana

# In the
# Indiana Supreme Court

No. 46S03-0606-CV-207

PORTER COUNTY SHERIFF DEPARTMENT,

*Appellant (Defendant below),*

v.

RITA J. AND DOUGLAS GUZOREK,

*Appellees (Plaintiffs below).*

Appeal from the LaPorte Circuit Court, No. 46C01-0405-CT-144
The Honorable Robert W. Gilmore, Jr., Judge

On Petition for Rehearing

**March 6, 2007**

**Boehm, Justice.**

A Porter County Sheriff Department (PCSD) vehicle driven by Officer Joseph F. Falatic struck the vehicle of Rita J. Guzorek while Falatic was acting within the course and scope of his employment. The Guzoreks filed suit within the applicable limitations period, naming Falatic as the only defendant. Falatic moved for summary judgment, asserting that he had no personal liability because the Guzoreks' complaint failed to allege any of the conditions listed in the Tort Claims Act that would permit an action to proceed against an employee of a government entity in the employee's individual capacity. While this motion was pending and after the two-year

limitations period had expired, the Guzoreks moved to leave to amend their complaint to add PCSD as a defendant. The trial court granted Falatic's motion for summary judgment and also granted the Guzoreks' motion for leave to amend the complaint. PCSD, represented by the same counsel who had represented Falatic, then moved for summary judgment, contending that the amended complaint did not relate back to the filing of the original complaint and was therefore barred by the statute of limitations. The trial court denied PCSD's motion but certified its order for interlocutory appeal. The Court of Appeals reversed, but we granted transfer and affirmed the trial court's denial of summary judgment. Porter County Sheriff Dep't. v. Guzorek, 857 N.E.2d 363 (Ind. 2006). Chief Justice Shepard and Justice Sullivan dissented, agreeing with the Court of Appeals that the amended complaint did not relate back.

The majority of our Court held that the Guzoreks' amended complaint related back to the original complaint under Indiana Trial Rule 15(C) and therefore the Guzoreks' claim was not barred by the two-year statute of limitations. Id. Under Trial Rule 15(C)(2), the test for relation back of an amended complaint is that the added party knew or should have known that "but for a mistake concerning the identity of the proper party, the action would have been brought against him." The majority in Guzorek held that a mistake as to the applicable law can qualify as a "mistake concerning the identity of the proper party." Guzorek, 857 N.E.2d at 371. On the facts of this case, we held that the Guzoreks' complaint suing an immune public employee rather than the governmental agency was based on such a "mistake." Id. at 372-73.

Indiana Trial Rule 15(C) is the same as Federal Rule of Civil Procedure 15(c) for these purposes. We cited Donald v. Cook County Sheriff's Dept., 95 F.3d 548 (7th Cir. 1996) and Woods v. IUPUI, 996 F.2d 880 (7th Cir. 1993) as federal cases allowing relation back where plaintiffs had incorrectly named immune institutional entities rather than individual defendants. In its petition for rehearing, the Porter County Sheriff Department points to Hall v. Norfolk S. Ry. Co., 469 F.3d 590 (7th Cir. 2006) (November 9, 2006). This was an FELA case where an injured railroad worker sued only his current employer which had bought the railroad after the injury but did not name the former employer as a defendant. The Seventh Circuit held that an amended complaint could not add the former employer after the statute of limitations had failed because there was no "mistake" under FRCP 15(c)(3) that allowed the amended complaint to relate back to the date of filing of the original complaint. The Seventh Circuit determined that

2

Donald does not apply where the plaintiff has been represented by counsel through litigation. Hall, 469 F.3d at 597. The Seventh Circuit also expressly rejected Woods, holding that "[a] plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.'" Id. at 596. It recognized Donald and Woods may be inconsistent with its ruling but termed them "outliers."

We recognize that Hall represents a retrenchment and disapproval of Donald. We think, however, that the original purpose of Rule 15(c) was to permit relation back where an institution rather than an individual public employee was initially sued because of a mistake as to the applicable law. The Indiana Trial Rule was adopted only four years later and used the same language as the federal rule. We recognize, however, that a recent trend in federal courts is to adopt a narrower view of "mistake" in FRCP 15(c)(3). We adhere to the view that the "mistake" requirement of Indiana Trial Rule 15(C) is satisfied when a plaintiff mistakenly sues an immune party if the proper party knows of the suit and knows that an error has been made. That is one of the prototypical situations FRCP 15(c) was initially designed to address. The Advisory Committee's Note of FRCP 15 (1966) makes clear that the mistake requirement in the Rule was designed to give relief to plaintiffs who had incorrectly named the Department of Health, Education, and Welfare rather than the Secretary of Health, Education, and Welfare. Guzorek, 857 N.E.2d at 371. There is no claim that the Department was unaware of the suit or that the passage of time prejudiced its defense. We see no reason to impose a penalty on a plaintiff for a mistake of law that has gained no advantage for the plaintiff and caused no disadvantage to the defendant. This is the situation here, where the party who was not initially named (the Department) was obligated by statute to defend and identify the party who was timely sued (the deputy) and actually conducted the defense from the outset. Accordingly, the PCSD's petition for rehearing is denied.

Dickson and Rucker, JJ., concur.

Shepard, C.J., dissents with separate opinion in which Sullivan, J., concurs.

3

**Shepard, Chief Justice, dissenting.**

The petition for rehearing in this case further demonstrates the extent to which this Court's interpretation of Trial Rule 15(c)'s "mistake of identity" requirement to allow relation back takes us outside the mainstream of authority. Appellant points us to the fact that the very authority relied on by our majority has recently been reconsidered and rejected by the Seventh Circuit Court of Appeals.

The Seventh Circuit recognized that the position taken by this Court's dissenters represents the weight of authority and that the majority opinion essentially eviscerates the mistake of identity requirement. See Hall v. Norfolk S. Ry. Co., 469 F.3d 590, 594-98 (7th Cir. 2006); see also Porter County Sheriff Dep't v. Guzorek, 857 N.E.2d 363 (Ind. 2006) (citing Rendall-Speranza v. Nassim, 107 F.3d 913, 918 (D.C. Cir. 1997) ("an error of judgment about whether an employer is liable for the act of its employee is not 'a mistake' within the intendment of Rule 15(c)")); Rebecca S. Engrav, Relation Back of Amendments Naming Previously Unnamed Defendants Under Federal Rules of Civil Procedure, 89 Cal. L. Rev. 1549, 1587 (2001) ("When it seems likely that the plaintiff knew the additional defendant existed but failed to name it either through carelessness or because of poor legal advice, courts are likely to deny relation back.").

Arguing Rule 15(c) is intended to remedy mistakes of fact and law, the majority held relation back is permitted where a party's lawyer possessing full knowledge of all potential defendants "mistakenly" names an immune party (or, in other words, makes a mistake of liability). Guzorek, 857 N.E.2d at 371. The majority cited two Seventh Circuit cases to support this proposition: Donald v. Cook County Sheriff's Dep't, 95 F.3d 548 (7th Cir. 1996), and Woods v. IUPUI, 996 F.2d 880 (7th Cir. 1993).

The Seventh Circuit recently reconsidered the mistake of identity requirement in Hall, and, consistent with the great weight of authority, held that "[a] plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's

'identity.'"[1]  Hall, 469 F.3d at 596 (emphasis added).  In doing so, the Court explicitly rejected Woods as an "outlier"[2] and limited the Donald holding to cases involving pro se litigants.[3]  Id. at 597.  The Court went on to list a host of decisions from other circuits confirming the view that mistakes of liability are not the type of "mistakes" contemplated by Rule 15(c).  Id. at 596-97 (citing cases from the D.C., First, Fourth, and Ninth Circuits).

In light of the Seventh Circuit's recent decision in Hall, and to remain consistent with the federal courts' interpretation of the mistake of identity requirement, this Court should grant Porter County Sheriff's Department's Petition for Rehearing.

Sullivan, J., concurs.

---

[1] Analogizing mistake of liability cases to "John Doe" cases where relation back is not permitted, the Seventh Circuit said these mistakes are not mistakes concerning "identity," but instead are mistakes as to whom it is proper to sue.  The Court went on to say that "[i]t is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires."  Hall, 469 F.3d at 596.

[2] The Court noted "recent decisions have not followed [the] reasoning [in Woods] and have instead coalesced around the narrower view of a Rule 15(c)(3) 'mistake.'"  Hall, 469 F.3d at 597.

[3] Although Donald permitted relation back based on plaintiff's mistaken belief that by suing the sheriff's department he was also suing the individual deputies who injured him, the holding has limited application "because the decision was reached in large part because of Donald's unique impairments as a pro se prisoner."  Hall, 469 F.3d at 597.