On Petition for Rehearing
BOEHM, Justice.
A Porter County Sheriff Department (PCSD) vehicle driven by Officer Joseph F. Falatic struck the vehicle of Rita J. Guzorek while Falatic was acting within the course and scope of his employment. The Guzoreks filed suit within the applicable limitations period, naming Falatic as the only defendant. Falatic moved for summary judgment, asserting that he had no personal liability because the Guzoreks’ complaint failed to allege any of the conditions listed in the Tort Claims Act that would permit an action to proceed against an employee of a government entity in the employee’s individual capacity. While this motion was pending and after the two-year limitations period had expired, the Guzo-reks moved to leave to amend their complaint to add PCSD as a defendant. The trial court granted Falatic’s motion for summary judgment and also granted the Guzoreks’ motion for leave to amend the complaint. PCSD, represented by the same counsel who had represented Falatic, then moved for summary judgment, contending that the amended complaint did not relate back to the filing of the original complaint and was therefore barred by the *255 statute of limitations. The trial court denied PCSD’s motion but certified its order for interlocutory appeal. The Court of Appeals reversed, but we granted transfer and affirmed the trial court’s denial of summary judgment. Porter County Sheriff Dep’t. v. Guzorek, 857 N.E.2d 363 (Ind.2006). Chief Justice Shepard and Justice Sullivan dissented, agreeing with the Court of Appeals that the amended complaint did not relate back.
The majority of our Court held that the Guzoreks’ amended complaint related back to the original complaint under Indiana Trial Rule 15(C) and therefore the Guzo-reks’ claim was not barred by the two-year statute of limitations. Id. Under Trial Rule 15(C)(2), the test for relation back of an amended complaint is that the added party knew or should have known that “but for a mistake concerning the identity of the proper party, the action would have been brought against him.” The majority in Guzorek held that a mistake as to the applicable law can qualify as a “mistake concerning the identity of the proper party.” Guzorek, 857 N.E.2d at 371. On the facts of this case, we held that the Guzoreks’ complaint suing an immune public employee rather than the governmental agency was based on such a “mistake.” Id. at 372-73.
Indiana Trial Rule 15(C) is the same as Federal Rule of Civil Procedure 15(c) for these purposes. We cited Donald v. Cook County Sheriff’s Dept., 95 F.3d 548 (7th Cir.1996) and Woods v. Ind. University-Purdue, 996 F.2d 880 (7th Cir.1993) as federal cases allowing relation back where plaintiffs had incorrectly named immune institutional entities rather than individual defendants. In its petition for rehearing, the Porter County Sheriff Department points to Hall v. Norfolk S. Ry. Co., 469 F.3d 590 (7th Cir.2006) (November 9, 2006). This was an FELA case where an injured railroad worker sued only his current employer which had bought the railroad after the injury but did not name the former employer as a defendant. The Seventh Circuit held that an amended complaint could not add the former employer after the statute of limitations had failed because there was no “mistake” under FRCP 15(c)(3) that allowed the amended complaint to relate back to the date of filing of the original complaint. The Seventh Circuit determined that Donald does not apply where the plaintiff has been represented by counsel through litigation. Hall, 469 F.3d at 597. The Seventh Circuit also expressly rejected Woods, holding that “[a] plaintiffs ignorance or misunderstanding about who is liable for his injury is not a ‘mistake’ as to the defendant’s ‘identity.’ ” Id. at 596. It recognized Donald and Woods may be inconsistent with its ruling but termed them “outliers.”
We recognize that Hall represents a retrenchment and disapproval of Donald. We think, however, that the original purpose of Rule 15(c) was to permit relation back where an institution rather than an individual public employee was initially sued because of a mistake as to the applicable law. The Indiana Trial Rule was adopted only four years later and used the same language as the federal rule. We recognize, however, that a recent trend in federal courts is to adopt a narrower view of “mistake” in FRCP 15(c)(3). We adhere to the view that the “mistake” requirement of Indiana Trial Rule 15(C) is satisfied when a plaintiff mistakenly sues an immune party if the proper party knows of the suit and knows that an error has been made. That is one of the prototypical situations FRCP 15(c) was initially designed to address. The Advisory Committee’s Note of FRCP 15 (1966) makes clear that the mistake requirement in the Rule was designed to give relief to plaintiffs who had incorrectly named the De *256 partment of Health, Education, and Welfare rather than the Secretary of Health, Education, and Welfare. Guzorek, 857 N.E.2d at 871. There is no claim that the Department was unaware of the suit or that the passage of time prejudiced its defense. We see no reason to impose a penalty on a plaintiff for a mistake of law that has gained no advantage for the plaintiff and caused no disadvantage to the defendant. This is the situation here, where the party who was not initially named (the Department) was obligated by statute to defend and identify the party who was timely sued (the deputy) and actually conducted the defense from the outset. Accordingly, the PCSD’s petition for rehearing is denied.
DICKSON and RUCKER, JJ., concur.
SHEPARD, C.J., dissents with separate opinion in which SULLIVAN, J., concurs.