SHEPARD, Chief Justice,
dissenting.
The petition for rehearing in this case further demonstrates the extent to which this Court’s interpretation of Trial Rule 15(c)’s “mistake of identity” requirement to allow relation back takes us outside the mainstream of authority. Appellant points us to the fact that the very authority relied on by our majority has recently been reconsidered and rejected by the Seventh Circuit Court of Appeals.
The Seventh Circuit recognized that the position taken by this Court’s dissenters represents the weight of authority and that the majority opinion essentially eviscerates the mistake of identity requirement. See Hall v. Norfolk S. Ry. Co., 469 F.3d 590, 594-98 (7th Cir.2006); see also Porter County Sheriff Dep’t v. Guzorek, 857 N.E.2d 363 (Ind.2006) (citing Rendall-Speranza v. Nassim, 107 F.3d 913, 918 (D.C.Cir.1997) (“an error of judgment about whether an employer is hable for the act of its employee is not ‘a mistake’ within the intendment of Rule 15(c)”)); Rebecca S. Engrav, Relation Back of Amendments Naming Previously Unnamed Defendants Under Federal Rules of Civil Procedure, 89 Cal. L.Rev. 1549, 1587 (2001) (“When it seems likely that the plaintiff knew the additional defendant existed but failed to name it either through carelessness or because of poor legal advice, courts are likely to deny relation back.”).
Arguing Rule 15(c) is intended to remedy mistakes of fact and law, the majority held relation back is permitted where a party’s lawyer possessing full knowledge of all potential defendants “mistakenly” names an immune party (or, in other words, makes a mistake of liability). Guzorek, 857 N.E.2d at 371. The majority cited two Seventh Circuit cases to support this proposition: Donald v. Cook County Sheriff’s Dep’t, 95 F.3d 548 (7th Cir.1996), and Woods v. Ind. University-Purdue, 996 F.2d 880 (7th Cir.1993).
The Seventh Circuit recently reconsidered the mistake of identity requirement in Hall, and, consistent with the great weight of authority, held that “[a] plaintiffs ignorance or misunderstanding about who is liable for his injury is not a ‘mistake’ as to the defendant’s ‘identity.’ ”[1] Hall, 469 F.3d at 596 (emphasis added). In doing so, the Court explicitly rejected Woods as an “outlier”[2] and limited the *257 Donald, holding to cases involving pro se litigants.[3] Id. at 597. The Court went on to list a host of decisions from other circuits confirming the view that mistakes of liability are not the type of “mistakes” contemplated by Rule 15(c). Id. at 596-97 (citing cases from the D.C., First, Fourth, and Ninth Circuits).
In light of the Seventh Circuit’s recent decision in Hall, and to remain consistent with the federal courts’ interpretation of the mistake of identity requirement, this Court should grant Porter County Sheriffs Department’s Petition for Rehearing.
SULLIVAN, J., concurs.

. Analogizing mistake of liability cases to "John Doe” cases where relation back is not permitted, the Seventh Circuit said these mistakes are not mistakes concerning "identity,” but instead are mistakes as to whom it is proper to sue. The Court went on to say that "[i]t is the plaintiffs responsibility to determine the proper party to sue and to do so before the statute of limitations expires.” Hall, 469 F.3d at 596.

. The Court noted "recent decisions have not followed [the] reasoning [in Woods ] and have *257 instead coalesced around the narrower view of a Rule 15(c)(3) 'mistake.' ” Hall, 469 F.3d at 597.

. Although Donald permitted relation back based on plaintiff's mistaken belief that by suing the sheriff's department he was also suing the individual deputies who injured him, the holding has limited application "because the decision was reached in large part because of Donald’s unique impairments as a pro se prisoner.” Hall, 469 F.3d at 597.